**NATIONAL BUS TRAFFIC ASSOCIA-TION et al., Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

No. 61 C 944.

United States District Court
N. D. Illinois, E. D.

Nov. 29, 1962.

Robert J. Bernard, Peter K. Nevitt, Chicago, Ill., Warren A. Goff, Dallas, Tex., Drew L. Carraway, John S. Fessenden, Rice, Carpenter & Carraway, Washington, D. C., for plaintiffs.

Lee Loevinger, Asst. Atty. Gen., James P. O'Brien, U. S. Atty., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., for defendant United States.

Robert W. Ginnane, Gen. Counsel, Betty Jo Christian, Washington, D. C., for defendant Interstate Commerce Commission.

Before SCHNACKENBERG, Circuit Judge, and PERRY and AUSTIN, District Judges.

PER CURIAM.

This action to set aside and annul an order of Division 1 of the Interstate Commerce Commission came on for hearing on June 12, 1962, before this statutory three-judge United States District Court upon the plaintiffs' complaint and the defendants' answer thereto. The court heard the oral arguments of counsel for the respective parties, and has considered said arguments and the written briefs of counsel. The plaintiffs and defendants have submitted, jointly, and

this court adopts, the following Findings of Fact.

## FINDINGS OF FACT

1. The Plaintiffs are the National Bus Traffic Association, an Illinois corporation whose membership is composed of some 350 carriers of passengers by motor vehicle in interstate or foreign commerce; the Greyhound Corporation, a Delaware corporation which holds authority to transport passengers and their baggage, and mail, express and newspapers in the same vehicle with passengers, over regular routes throughout the United States except Alaska and Hawaii; the Transcontinental Bus System, Inc., a Delaware corporation authorized to transport passengers and their baggage, and mail, express and newspapers in the same vehicle with passengers, over regular routes in a twelve-state area; Bluebird Coach Lines, Inc., an Illinois corporation authorized to transport passengers and their baggage, and mail, express and newspapers in the same vehicle with passengers, over regular routes principally located in the Illinois area; and De Luxe Trailways, Inc., an Illinois corporation authorized to transport passengers and their baggage, and mail, express and newspapers in the same vehicle with passengers, over regular routes, principally between Illinois and Missouri.

2. The defendants are the United States of America and the Interstate Commerce Commission (hereinafter called the Commission.)

3. This action was brought by the plaintiffs under 28 U.S.C., Sections 1336, 1398, 2284, and 2321–2325, to set aside an order of Division 1 of the Commission dated July 29, 1960, in its Docket No. MC–119262, Ernest Keller, Jr., Common Carrier Application, 83 M.C.C. 339, which holds that the statutory exemption from the Commission's regulatory authority provided by Section 203(b) (1) of the Interstate Commerce Act, 49 U.S.C. § 303(b) (1), for "motor vehicles employed solely in transporting school children and teachers to and from school" includes vehicles used to transport school children and teachers on educational trips, when such trips are sponsored and paid for by the school as official school functions.

4. The proceedings before the Commission were initiated on November 20, 1929, by an application filed by Ernest Keller, Jr., for a common carrier certificate authorizing the transportation over irregular routes of passengers and their baggage in charter service. A hearing was held before Joint Board No. 68 on January 20, 1960. None of the plaintiffs in this court proceeding participated in that hearing. At the hearing, it was revealed that the applicant's proposed operations would be confined to the transportation of school children and teachers on school-sponsored educational trips. The recommended Report and Order of the Joint Board, issued on January 27, 1960, concluded that the application should be dismissed because the proposed operations were within the exemption provided by Section 203(b) (1).

5. No exceptions were filed to the Joint Board's report, but Division 1 of the Commission entered an order, on its own motion, staying the Joint Board's order. The report and order of Division 1, entered on July 29, 1960, concluded (83 M.C.C. at 340–41):

"* * * We interpret 'to and from school,' as used in the exception, as embracing interstate transportation to or from any place where such transportation is directly connected with and contributes to the educational development of school children. * * * When such trips, as the ones here proposed, are sponsored and paid for by the school as official school functions, the transportation provided therefor, by a carrier whose vehicles are employed solely in transporting school children and teachers, in our opinion, falls within the purview of the exemption contained in section 203(b) (1). * * *"

6. No motion for rehearing or reconsideration was filed within the 30-day

period prescribed by Rule 101(e) of the Commission's General Rules of Practice, 49 C.F.R. § 1.101(e), and on August 28, 1960, the decision of Division 1 became final.

7. On November 9, 1960, the National Bus Traffic Association, one of the plaintiffs in this court proceeding, filed with the Commission a petition seeking (a) Leave to intervene in the proceeding; (b) Waiver of Rule 101(e), and (c) Reopening and reconsideration of the report and order of Division 1. As grounds for relief, the petitioner asserted that the decision of Division 1 constituted a new interpretation of section 203(b) (1); and that until such decision was announced, it had no cause to believe that the scope of section 203(b) (1) was in issue in the proceeding.

8. The Commission's order of March 3, 1961, denying the petition for leave to intervene, read in part as follows:

"Upon consideration of the record in the above-entitled proceeding, and of petition of National Bus Traffic Association, Inc., dated November 9, 1960, for (a) leave to intervene, (b) waiver of Rule 1.101(e) of the General Rules of Practice, and (c) reopening and reconsideration; and good cause appearing therefor:

"*It is ordered*, That said request for leave to intervene be, and it is hereby, denied, for the reason that petitioner has not shown sufficient cause to justify its intervention in this proceeding at this late date. This action makes disposition of the petition so far as relief is sought in (b) and (c) unnecessary."

9. The plaintiffs filed their complaint in this court proceeding on June 1, 1961; and the defendants' joint answer was filed on July 31, 1961.

The court makes further FINDINGS OF FACT as follows:

10. The petition of National Bus Traffic Association, Inc., (mentioned in paragraph 7, supra) set forth its lack of knowledge and lack of notice of the Commission's July 29, 1960 report and order until after the 30-day period allowed by the Commission for filing petitions for reconsideration had expired.

11. Said petition also alleged in effect that the interpretation of Section 203(b) (1) of the Interstate Commerce Act as reflected by the Commission's report and order of July 29, 1960 constitutes a departure from the established decision law of the Commission and affects a large segment of the industry.

12. Plaintiffs did not acquire knowledge of the July 29, 1960 decision until more than thirty days after it was entered by Division 1 of the Commission. The order was not published in the Federal Register and no notice was required to be and was not given to the plaintiffs who were not parties to the proceedings before the Commission.

13. The aforesaid July 29, 1960 report and order of the Commission substantially affects the plaintiffs herein.

14. Any finding of fact entered herein which may be construed in whole or in part as a conclusion of law shall be so deemed and treated as if set forth under Conclusions of Law herein.

The court states the following

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties hereto and of the subject matter hereof.

2. Plaintiffs have exhausted their administrative remedies.

3. The Commission's order of March 3, 1961 (which denied leave to intervene) was a final order.

■ 4. The petition to intervene in the Keller proceeding, filed after the hearing, showed good cause and was based upon averments reasonably pertinent to the issues already presented and did not broaden them.

5. Under all of the facts presented in this particular case, plaintiffs were diligent in acting when they acquired knowledge of the order.

■ 6. Under the factual situation in this case the Interstate Commerce Commission abused its discretion when

it refused leave to plaintiffs on March 3, 1961 to intervene and by the same order denied plaintiffs' petition for waiver of Rule 1.101(e) of the General Rules of Practice and further denied reopening and reconsideration of the report and order of Division 1 dated July 29, 1960.

7. The Interstate Commerce Commission should be directed to vacate its order of March 3, 1961 and further should be directed (a) to permit intervention of plaintiffs; (b) to waive Rule 101(e) of the General Rules of Practice and (c) to reopen and reconsider the report and order of Division 1 dated July 29, 1960, all in the Matter of the Application of Ernest Keller, Jr., Common Carrier Application, Docket No. MC–119262.

8. Any conclusion of law entered herein which may be construed in whole or in part as a finding of fact shall be so deemed and treated as if set forth under Findings of Fact herein.