S. C. LOVELAND CO., INC., Petitioner,

v.

UNITED STATES of America

and

Interstate Commerce Commission, Respondents, Union Mechling Corp. et al., Intervenors.

No. 75–1310.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 19, 1976.

Decided March 31, 1976.

---

Neal A. Jackson, Washington, D. C., with whom Donald Macleay, Washington, D. C., was on the brief, for petitioner, also entered an appearance for intervenors, Union Mechling Corporation, American Commercial Barge Lines, Puget Sound Tug & Barge Co., and Dwyer Lighterage, Inc.

Walter H. Walker, III, Atty., I. C. C., with whom Fritz R. Kahn, Gen. Counsel, I. C. C., and John H. Wigger, Atty., Dept. of Justice, Washington, D. C., were on the brief, for respondents. Betty Jo Christian and James Kurth, Attys., I. C. C., Washington, D. C., also entered appearances for respondent Interstate Commerce Commission.

Daniel B. Johnson, Washington, D. C., with whom James Anton, Washington, D. C., was on the brief, for intervenor Hoffman International, Inc.

Before McGOWAN and LEVENTHAL, Circuit Judges, and ALBERT V. BRYAN, Jr.,* United States District Judge for the Eastern District of Virginia.

Opinion for the Court filed by District Judge BRYAN.

ALBERT V. BRYAN, Jr., District Judge:

This is a review of two decisions of the Interstate Commerce Commission (hereafter the "Commission"). Jurisdiction is present by virtue of 28 U.S.C. § 2342(5). The first decision, on November 8, 1974, granted to the intervenor Hoffman International, Inc. ("Hoffman") an exemption under § 303(e)(2) of the Interstate Commerce Act, 49 U.S.C. § 903(e)(2) (the "Act").

* Sitting by designation pursuant to Title 28 U.S.C. Section 292(d).

This action of the Commission granted Hoffman an exemption from the regulatory requirements of Part III of the Act. In effect the exemption allowed Hoffman, without obtaining a certificate of public convenience and necessity, to provide "transportation, in interstate or foreign commerce . . . as a contract carrier . . . by derricks and/or barges and tugs from and to ports on the Atlantic and Gulf coasts of heavy or bulky articles such as tanks, boilers, airplanes, cracking chambers, machinery and similar pieces of freight." Commission Order, November 8, 1974, Joint Appendix, Document No. 32.

The second decision, on January 31, 1975, denied appellant, S. C. Loveland Co., Inc. ("Loveland") leave to intervene in the Commission proceeding wherein the exemption was granted.

■ We conclude that the only issue properly before this court is the propriety of the Commission's denial of the right to intervene.[1] Consequently those arguments addressed to the merits of granting the exemption will not be considered.

Some background leading up to the present proceeding before the Commission is necessary to give a better understanding of the issues.

On the last day of 1940, in a proceeding docketed as W–101, Merritt-Chapman and Scott Corporation filed an application with the Interstate Commerce Commission under § 303(e)(2) of the Interstate Commerce Act, 49 U.S.C. § 903(e)(2), for exemption of certain of its water carrier operations from the provisions of Part III of the Interstate Commerce Act. Section 303(e)(2) states in pertinent part:

It is hereby declared to be the policy of Congress to exclude from the provisions of this part, in addition to the transportation otherwise excluded under this section, transportation by contract carriers by water which, by reason of the inherent nature of the commodities transported, their requirement of special equipment or their shipment in bulk, is not actually and substantially competitive with transportation by any common carrier subject to this part or part I or part II. Upon application of a carrier, made in such manner and form as the Commission may by regulations prescribe, the Commission shall, subject to such reasonable conditions and limitations as the Commission may prescribe, by order exempt from the provisions of this part such of the transportation engaged in by such carrier as it finds necessary to carry out the policy above declared.

Merritt-Chapman and Scott's application for exemption was granted by order of the Commission on May 24, 1943.

On December 17, 1965, Merritt-Chapman and Scott contracted to transfer certain property and assets to Raymond International, Inc. In conjunction therewith, the two corporations joined in petitioning the Commission to cancel Merritt-Chapman's exemption under § 303(e)(2) and reissue that same exemption to Raymond. By final order served March 10, 1969, the Commission rescinded its order, with subsequent amendment, exempting certain transportation by Merritt-Chapman from Part III of the Act, and, concurrently, issued an exemption under § 303(e)(2) to Raymond for water carrier business and vessels transferred to it by Merritt-Chapman.

1. Effective March 1, 1975, jurisdiction over actions seeking review of ICC orders is governed by 28 U.S.C. § 2344, which provides in relevant part:

Any *party* aggrieved by the final order may, *within 60 days after its entry,* file a petition to review the order in the court of appeals wherein venue lies. (Emphasis added).

We do not reach the merits of the November 8, 1974 order of the Commission because Loveland was not a party to the proceeding culminating in the November 8 order, in light of the Commission's denial of Loveland's motion to intervene, *see Gage v. United States Atomic Energy Commission,* 156 U.S.App.D.C. 231, 479 F.2d 1214 (1973). However, since we hold in this opinion that the Commission abused its discretion in this regard, our disposition is to direct the Commission to permit Loveland's intervention and to reopen the November 8 order for reconsideration.

On October 11, 1972, in a Commission proceeding docketed as MC–F–11701, Raymond International joined with Hoffman International, Inc., a motor common carrier, in filing an application with the Commission seeking authority under § 5 of the Act, 49 U.S.C. § 5, for Hoffman to purchase certain tangible assets and operating rights from Raymond, including the aforementioned exemption from Part III of the Act. In compliance with Commission regulations, notice of the filing of the application was served by Hoffman on all known water carriers including S. C. Loveland Co., Inc., the petitioner in the instant matter. In addition, notice of the application was also published in the *Federal Register* of November 8, 1972.

The notice that was sent to Loveland on or about October 10, 1972, read in its entirety as follows:

NOTICE

Notice of Filing of Application for Transfer With Interstate Commerce Commission

Hoffman International, Inc., Belleville, N.J.
Transferee

Raymond International, Inc., Houston, Tex.
Transferor

To Transfer: 3rd amended Certificate No. W-101 and Exemption No. W-101 and certain Tangible Assets

Joint Appendix, Document No. 22, Exhibit A.

The notice that was published on November 8, 1972, in the *Federal Register* was more elaborate,[2] but it was given in the publication a designation, "MC–F," which indicates that it was a *motor* carrier case. The notice spoke only of a *transfer* of rights under § 303(e)(2), and its publication was with other notices under the heading "Application Under Section 5 and 210a(b)—Motor Carriers of Property." No further notice was given by the Commission or Hoffman.

The Hoffman/Raymond joint application was set for modified procedure[3] by the Commission, and filing dates were established for verified statements in support of and in opposition to the application. No substantive statements in opposition were submitted, although one motor carrier had initially filed a protest.

By order served August 12, 1974, the Commission, Review Board No. 5, finding that it did not have authority to transfer an order exempting transportation under § 303(e)(2), denied the application without prejudice to the applicants jointly filing a petition seeking cancellation of the Raymond exemption and concurrent reissuance to Hoffman. Thus, on September 15, 1974, Hoffman and Raymond filed a joint petition seeking cancellation and concurrent reissuance of the subject exemption "in the manner provided for in the order of the Review Board." Joint Appendix, Document No. 29. This petition, as to which notice was neither served on all known water carriers nor published in the *Federal Register*, was likewise unopposed and was granted by order served November 8, 1974.

■ On December 6, 1974, after fortuitously learning of the November 8, 1974 Commission order, Loveland filed a petition to intervene and for reconsideration. The double-barrelled petition was necessary since Loveland had to become a party to the proceeding before it could apply for a rehearing or reconsideration. 49 U.S.C.

2. The *Federal Register* notice began and read in part as follows:

No. MC–F–11701. Authority sought for purchase by HOFFMAN RIGGING & CRANE SERVICE, INC., 560 Cortland Street, Belleville, NJ 07109, of the operating rights and property of RAYMOND INTERNATIONAL, INC., Post Office Box 22718, Houston, TX 77027, and for acquisition by HARRY L. HOFFMAN, JR., also of Belleville, N. J. 07109, of control of such right and property. Applicants' attorney: Morton E. Kiel, 140 Cedar Street, New York, NY 10006. Operating rights sought to be transferred under pro-

visions section 303(e)(2): It transports as a *contract carrier*, (1) by derricks and/or barges and tugs from and to ports on the Atlantic and gulf coats of heavy or bulky articles such as tanks, boilers, airplanes, cracking chambers, machinery and similar pieces of freight. . . .
Joint Appendix, Document No. 4

3. Under this procedure, parties submit their evidence in the form of verified statements of fact, accompanied by briefs, with oral examination of witnesses available only if ordered by the ICC. *See* 49 CFR § 1100.45 *et seq.*

§ 17(6).[4] The petition for leave to intervene was not timely filed under the Commission's rules unless "good cause" was shown. 49 CFR §§ 1100.72(b) and 1100.101(e), Commission Rules of Practice.[5]

On January 31, 1975, the Commission denied the petition to intervene and for reconsideration, saying, without further explanation:

> It appearing, that petitioner has failed to show good cause for permitting leave to intervene;
>
> It is ordered, that the petition be, and it is hereby, denied.

Commission Order, Joint Appendix, Document No. 25.

■ We conclude that because of Loveland's lack of knowledge and adequate notice of the proceeding the Commission abused its discretion in denying the petitioner leave to intervene. *National Bus Traffic Association v. United States, infra* note 7.

No party suggests that Loveland was not entitled to notice of the proceedings before the Commission. Indeed, 49 CFR § 1100.-247(c)[6] requires notice to interested persons to be given by publication of a summary in the *Federal Register.* While the summary is prepared by the Commission, it is the responsibility of the applicant (Hoffman) to see that the summary properly describes the authority sought. Obviously Hoffman considered Loveland an interested party when it sent the October 10, 1972 notice to Loveland. In its certification of notice it described Loveland as a "known water line competitor. . . ." The question whether the notice was adequate, however, remains. We hold that it was not adequate.

We assume Loveland was a knowledgeable recipient of the notices, as appellees both contend. Such a knowledgeable recipient would have immediately (looking beyond the misleading "MC–F" designation in the *Federal Register*) seen that this was a proceeding for a "transfer" of exemption rights. Appellees argue that Loveland should have promptly intervened upon receipt of these notices. But again, being knowledgeable, Loveland would have known that the Commission had no authority to "transfer" exemption rights and that intervention was, therefore, unnecessary. Indeed Loveland would have been correct. The Commission, by its order dated August 12, 1974, held that it did "not have authority to authorize the transfer of the order exempting certain transportation under Section 303(e)(2). . . ." In that order the Commission went on to deny the application "without prejudice to the applicants [proposed transferor Raymond and proposed transferee Hoffman] jointly filing a petition seeking cancellation and concurrent reissuance of the order exempting certain transportation as a contract carrier under Section 303(e)(2) of the Act." Commission Order, Joint Appendix, Document No. 25.

---

4. "After a decision, order, or requirement shall have been made by the Commission  .  .  . , any party thereto may at any time, subject to such limitations as may be established by the Commission as hereinafter authorized, make application for rehearing, reargument, or reconsideration of the same  .  .  . ." 49 U.S.C. § 17(6).

5. "*When filed.* A petition for leave to intervene in any proceeding should be filed prior to or at the time the proceeding is called for hearing, but not after except for good cause shown." 49 CFR § 1100.72(b).

"*Time for filing.* Except for good cause shown, and upon leave granted, petitions under this section must be filed within 30 days after the date of service of a decision or order, except as otherwise provided in the special rules of practice." 49 CFR § 1100.101(e).

6. "*Notice to interested persons.* (1) Notice of the filing of applications to competitors and other interested persons will be given by the publication of a summary of the authority sought in the FEDERAL REGISTER. Such summaries will be prepared by the Commission, and it shall be the responsibility of applicant promptly to advise the Commission if the summary does not properly describe the authority sought. No other notice by applicants to interested persons is required, except that applicants are not relieved from the obligation to file copies of applications with Governors, State Boards, and Regional Directors of the Commission's Bureau of Operations as may be required by the prescribed form of the application." 49 CFR § 1100.247(c).

Hoffman and Raymond promptly filed such a petition on September 15, 1974. No notice of this new application was given, and the Commission treated it as a continuation of the original proceeding. The petition was unopposed and, as indicated previously, it was granted on November 8, 1974.

From the foregoing it is apparent that the October and November, 1972 notices of a transfer proceeding were not adequate as notice of a cancellation and reissuance proceeding nearly two years later.

The petition to intervene sets forth the interest of Loveland and its lack of notice of the proceeding. Loveland has shown that it was diligent in acting after it acquired knowledge of the November 8, 1974 order. Loveland's petition for reconsideration of this decision was not frivolous. It contained averments pertinent to the issues which had been presented to the board,[7] but which had been presented on an unopposed rather than an adversary basis.

■ Appellees argue that denial of leave to intervene does not leave Loveland without a remedy. They point to that part of the November 8, 1974 order of the Commission which grants the exemption ". . . until further order of the Commission, subject to reasonable conditions and limitations as the Commission may prescribe in the future to insure that the transportation is such as is the policy of Congress to exclude from the provisions of Part III of the Act." The Commission Order, Joint Appendix, Document No. 32. Appellees say that if Hoffman's exemption does in fact divert Loveland's common carrier traffic, it need only apply to the Commission for modifica-

tion or revocation of the exemption. They refer in support of this argument to 49 U.S.C. § 903(*1*).[8] The argument fails for a number of reasons. First, the availability of such a remedy, pursuant to the section referred to or pursuant to the power reserved to the Commission by the wording of its order, was not the basis upon which the Commission denied the petition to intervene. Second, the argument does not take into account the difference in burdens of one trying to establish an exemption initially and one attempting to terminate such an exemption. Third, the remedy provided by the statute may not be a remedy at all. Petitioner Loveland asserted in its reply brief that this statutory provision can be read to mean that successful invocation of it by Loveland would automatically convert Hoffman into a certificated or permitted carrier. We expressed some concern at oral argument as to the meaning and effect of 49 U.S.C. § 903(*1*), but counsel for the Commission was unable to provide us with the Commission's interpretation of that aspect of the statute. Consequently, it may be, although we intimate no view on the matter, that Loveland's § 903(*1*) *remedy* would actually leave it without *relief*.

We intimate no view as to what the Commission's decision should be upon reconsideration. We hold only that the matter must be reconsidered with Loveland given an opportunity to be heard.

Accordingly the order of the Commission of January 31, 1975, is vacated and the Commission is directed to allow Loveland to intervene. It is further directed to reopen and reconsider its order of November 8,

---

7. *National Bus Traffic Association v. United States*, 212 F.Supp. 659 (N.D.Ill.1962). The petition stated that Hoffman *was* actually and substantially competitive with other common carriers and that the Commission had failed to consider its own decision in the so-called "Large Objects Cases," which extended to other water carriers, including Loveland, authority to carry large and bulky objects. That case had been decided while the application of Hoffman was under consideration.

8. "Whenever transportation exempted under the provisions of subsection (g) of this section, or by order of the Commission under subsec-

tion (e) of this section, becomes subject to the provisions of this chapter, the carrier may continue to engage in such transportation for a period of one hundred and twenty days without a certificate or permit covering such transportation, and, if application for a certificate or permit covering such transportation is made to the Commission within such period, the Commission shall, without further proceedings, issue to the carrier a certificate or permit, whichever is appropriate, authorizing such transportation previously exempted." 49 U.S.C. § 903(*1*).

1974, in light of matters to be presented to it by Loveland as well as such additional matters presented by Hoffman as the Commission deems appropriate.

*Reversed and remanded with directions.*