[No. H026621. Sixth Dist. Jan. 27, 2005.]

EMILY HUDIS, et al., Plaintiffs and Appellants, v.
DEBRA VANIMAN CRAWFORD, Defendant and Respondent.

COUNSEL

Hugo N. Gerstl, in pro. per., and for Plaintiff and Appellant Emily Hudis.

Debra Vaniman Crawford, in pro. per., for Defendant and Respondent.

OPINION

**MIHARA, J.—** ■ Defendant, Attorney Debra Vaniman Crawford filed an action against plaintiffs Emily Hudis and Hugo Gerstl, alleging that they were liable to her clients for elder abuse of her clients' deceased aunt Claire Eagleton. The elder abuse action was dismissed because Eagleton's nieces and nephew lacked standing, as they were not Eagleton's successors in interest. Hudis and Gerstl then filed the instant action for malicious prosecution against Crawford and the nieces and the nephew. Crawford demurred to the complaint on the ground that dismissal of the elder abuse action was not a favorable termination on the merits for malicious prosecution purposes. The trial court sustained the demurrer without leave to amend and dismissed the action as to Crawford. Hudis and Gerstl appeal. They claim that the "lack of standing" dismissal of the elder abuse action was a favorable termination on the merits for malicious prosecution purposes. We find that the dismissal of the elder abuse action for "lack of standing" was not a favorable termination on the merits for malicious prosecution purposes and affirm the trial court's judgment of dismissal.

## I. Background

Claire Eagleton died in July 2000. Two of Eagleton's nieces and her nephew thereafter instituted an action (the underlying action) against Hudis,

Gerstl and others.[1] Crawford served as the attorney of record for the nieces and the nephew. The underlying action originally purported to be brought in both Eagleton's name and the names of her nieces and the nephew as her intestate heirs. They alleged that Hudis and Gerstl were liable to them for elder abuse of Eagleton.

Hudis and Gerstl moved for judgment on the pleadings on the grounds that Eagleton was dead and therefore could not bring an action and the nieces and the nephew lacked standing to bring the action on her behalf because they were not her successors in interest. This motion was granted, and the nieces and the nephew were granted leave to amend.

The nieces and the nephew filed an amended complaint in their own names alleging the same causes of action against Hudis and Gerstl and asserting that the nieces and the nephew were Eagleton's successors in interest. Hudis and Gerstl filed a demurrer asserting that the nieces and the nephew lacked standing and lacked the capacity to sue on Eagleton's behalf. The demurrer was sustained without leave to amend on the ground that the nieces and the nephew lacked standing and capacity to bring the action. The court dismissed the underlying action due to the lack of standing or lack of capacity to sue.

Hudis and Gerstl then initiated this action against the nieces, the nephew and Crawford for malicious prosecution.[2] Hudis and Gerstl alleged that the termination of the underlying action had been a favorable termination on the merits for malicious prosecution purposes since the lack of standing ground for the dismissal amounted to a finding that Hudis and Gerstl were not liable to the nieces and the nephew for the alleged elder abuse.

Crawford demurred to the complaint on the ground that there had not been a favorable termination on the merits in the underlying action.[3] She asked the trial court to take judicial notice of the "entire file" in the underlying case, and the court granted her request. The trial court sustained the demurrer

---

[1] Hudis apparently was the conservator of the person of Eagleton prior to her death, and Gerstl served as Hudis's attorney.

[2] We refer here to the first amended complaint, which is the operative pleading. Crawford's demurrer to the original complaint was sustained with leave to amend, and Hudis and Gerstl then filed the first amended complaint. The ruling on the original demurrer stated that a dismissal for "lack of standing" was not a favorable termination on the merits. Hudis and Gerstl then filed the first amended complaint. The amended complaint alleged a cause of action for malicious prosecution and a cause of action for intentional interference with business relations. Hudis and Gerstl subsequently voluntarily dismissed the interference cause of action.

[3] The record before us contains no indication that the nieces and the nephew responded to the complaint.

without leave to amend on the ground that "there was no favorable termination on the merits." The trial court dismissed the case.[4] Hudis and Gerstl filed a timely notice of appeal.

## II. Analysis

The sole issue raised in this appeal is whether the dismissal of the elder abuse action was a favorable termination on the merits for malicious prosecution purposes.

■ " 'The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort [of malicious prosecution]' . . . . [¶] To determine 'whether there was a favorable termination,' we look at the judgment as a whole in the prior action . . .' . . . . 'It is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits.' . . . Rather, '[i]n order for the termination of a lawsuit to be considered favorable to the malicious prosecution plaintiff, the termination must reflect the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit.' . . . For example, a termination is favorable for malicious prosecution purposes where the court in the underlying action: (1) granted summary judgment and issued sanctions because the claim was meritless . . . ; (2) granted summary judgment because there was insufficient evidence to establish a triable issue of fact . . . ; or (3) held that the defendant, as a matter of law, violated no duty to the plaintiff . . . ." (*Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341–342 [9 Cal.Rptr.3d 97, 83 P.3d 497] (*Casa Herrera*), citations omitted.)

■ "However, a ' "favorable" termination does not occur merely because a party complained against has prevailed in an underlying action. . . . If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution.' . . . Thus, a 'technical or procedural [termination] as distinguished from a substantive termination' is not favorable for purposes of a malicious prosecution claim. . . . Examples include dismissals (1) on statute of

---

[4] The trial court's order sustaining the demurrer without leave to amend also stated "the case is dismissed." No separate order or judgment of dismissal as to Crawford was entered. An order sustaining a demurrer without leave to amend is not an appealable order, but an order dismissing a case is an appealable order. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 611 [107 Cal.Rptr.2d 489].) Here, it is appropriate to construe the trial court's order as an appealable order dismissing the case as to Crawford.

limitations grounds . . . ; (2) pursuant to a settlement . . . ; or (3) on the grounds of laches . . . ." (*Casa Herrera, supra,* 32 Cal.4th at p. 342, citations omitted.)

In *Casa Herrera,* the California Supreme Court held that a dismissal based on the parol evidence rule was a substantive termination on the merits that constituted a favorable termination for malicious prosecution purposes. (*Casa Herrera, supra,* 32 Cal.4th at pp. 342–343.) This holding was based on the fact that the parol evidence rule is a substantive rule of law rather than a procedural bar to the admission of evidence. (*Casa Herrera,* at pp. 343–346.) The court noted that the "substantive nature" of the parol evidence rule was "further demonstrated by" the fact that the parol evidence rule was not subject to waiver or estoppel. (*Casa Herrera,* at p. 346.)

*Casa Herrera* distinguished *Robbins v. Blecher* (1997) 52 Cal.App.4th 886 [60 Cal.Rptr.2d 815]. (*Casa Herrera, supra,* 32 Cal.4th at pp. 347–348.) In *Robbins,* the underlying action had a complicated procedural background. An action against a corporation resulted in a verdict for damages against the corporation. The plaintiffs in that action filed a separate action seeking to hold Robbins liable for the judgment as the alter ego of the corporation. While the alter ego action was pending, the judgment against the corporation was reversed on appeal. As soon as the reversal was final, the plaintiffs voluntarily dismissed the alter ego action. Nevertheless, Robbins filed a malicious prosecution action against the plaintiffs and their attorney. Robbins alleged that the voluntary dismissal of the alter ego action was a favorable termination on the merits for malicious prosecution purposes. The plaintiffs and their attorney demurred on the ground that the voluntary dismissal was not a favorable termination on the merits. The trial court sustained the demurrer without leave to amend, and Robbins appealed. (*Robbins,* at pp. 890–891.)

On appeal, the court concluded that the dismissal of the alter ego action did not constitute a favorable termination on the merits because it was not based on a conclusion that Robbins was not the alter ego of the corporation but instead was simply based on the fact that there was no longer any judgment that could be enforced against Robbins if he was in fact the alter ego of the corporation. (*Robbins v. Blecher, supra,* 52 Cal.App.4th at p. 894.) "As an entity which was no longer a judgment creditor of [the corporation], [the plaintiffs] had simply lost standing to pursue [the corporation's] alter egos. [The plaintiffs'] voluntary dismissal was not a concession that [the corporation] and Robbins had done nothing wrong, but merely a concession that [the plaintiffs were] no longer in a position to complain of their wrongdoing. This concession does not reflect on the merits of the alter ego action, but only on its mootness." (*Robbins,* at p. 894.) In distinguishing *Robbins* in *Casa Herrera,* the California Supreme Court noted that the parol evidence rule was

not "a technical or procedural defense like lack of standing."[5] (*Casa Herrera, supra,* 32 Cal.4th at p. 348.)

■ Here, the underlying action was dismissed due to the fact that the nieces and the nephew lacked either "standing" or "capacity" to sue for the alleged wrongs to their aunt. " 'There is a difference between capacity to sue, which is the right to come into court, and [standing to bring] a cause of action, which is the right to relief in court. Incapacity to sue exists when there is some legal disability, such as infancy or lunacy or a want of title in the plaintiff to the character in which he sues.' " (*Klopstock v. Superior Court* (1941) 17 Cal.2d 13, 18 [108 P.2d 906].) Although the nieces and the nephew claimed in the underlying action that they were Eagleton's heirs or successors in interest, they brought the action in their own names and did not purport to sue on behalf of her estate or trust. Consequently, the defect was not in their *capacity* to sue but in their *standing* to state a cause of action against Hudis and Gerstl.

■ A "lack of standing" is a jurisdictional defect. (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 438 [261 Cal.Rptr. 574, 777 P.2d 610]; *McKinny v. Board of Trustees* (1982) 31 Cal.3d 79, 90 [181 Cal.Rptr. 549, 642 P.2d 460].) "[A] dismissal for lack of jurisdiction does not involve the merits and cannot constitute a favorable termination." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 882 [6 Cal.Rptr.2d 151]; see *Lackner v. LaCroix* (1979) 25 Cal.3d 747, 750 [159 Cal.Rptr. 693, 602 P.2d 393].)

■ The California Supreme Court has directed us to consider the "judgment as a whole" in the underlying action in determining whether there has been a favorable termination on the merits. (*Casa Herrera, supra,* 32 Cal.4th at p. 341.) Here, the judgment in the underlying action was based solely on the fact that the nieces and the nephew had not been appointed as the personal representatives of their aunt and had not established that they were her successors in interest. The merits of their allegations against Hudis and Gerstl were never considered by the court and were unrelated to the basis for the dismissal of the action. (Cf. *McCarney v. Ford Motor Co.* (8th Cir. 1981) 657 F.2d 230, 233–234 [standing is unrelated to the merits and therefore dismissal based on lack of standing is not on the merits for res judicata purposes].) Therefore, it cannot be said that the dismissal reflected on the innocence of Hudis and Gerstl. Consequently, the termination of the underlying action for "lack of standing" did not, in this case, constitute a favorable termination on the merits. The trial court did not err in sustaining Crawford's demurrer without leave to amend.

---

[5] Although this dicta suggests that the termination of an action for "lack of standing" is a "technical or procedural" termination that does not constitute a favorable termination on the merits for malicious prosecution purposes, we are not bound by this dicta and must consider the question ourselves on the facts of the case before us.

## III.   Disposition

The judgment of dismissal is affirmed.

Bamattre-Manoukian, Acting P. J., and McAdams, J., concurred.