Filed 10/10/13  Brown v. America's Servicing CA4/3
First of two postings; this one using the original G048422 docket number

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CYNTHIA LOUISE BROWN, | |
| Plaintiff and Appellant, | G049114 |
| v. | (Super. Ct. No. 30-2008-00113526) |
| AMERICA'S SERVICING COMPANY, | ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |
| Defendant and Respondent. | |

        On October 10, 2013, this court issued an order severing the instant appeal from plaintiff's appeal as to the remaining defendants in *Brown v. Foigelman,* G048422. This court's per curiam opinion filed on October 8, 2013 is hereby modified to reflect the new caption and appellate case number of G049114.

        There are no changes in the body of the opinion itself or in the disposition. This clerical modification does not affect the judgment.


_____
ARONSON, ACTING P. J.

Filed 10/8/13 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CYNTHIA LOUISE BROWN, | |
| Plaintiff and Appellant, | G048422 |
| v. | (Super. Ct. No. 30-2008-00113526) |
| MARTIN FOIGELMAN et al., | O P I N I O N |
| Defendants and Respondents; | |
| THE BANK OF NEW YORK MELLON, | |
| Defendant and Appellant. | |

Appeal from judgments of the Superior Court of Orange County, Luis A. Rodriguez and William D. Claster, Judges. Motion to dismiss appeal granted. Appeal dismissed as to Respondent America's Servicing Company.

Law Offices of Lenore Albert and Lenore L. Albert for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton and Jon D. Ives, for Defendant and Respondent America's Servicing Company.

Glaser Weil Fink Jacobs Howard Avchen & Shapiro, Andrew Baum and Craig H. Marcus, for Defendant and Appellant The Bank of New York Mellon.

*    *    *

THE COURT:[*]

We dismiss plaintiff's appeal as to respondent America's Servicing Company (ASC) as untimely.

I

Plaintiff sued multiple defendants in connection with an allegedly fraudulent deed of trust recorded against her property.  Plaintiff included ASC, which serviced the loan, as a named defendant, along with defendant The Bank of New York Mellon ("Bank"), and others.

ASC demurred to the sixth and eighth causes of action of plaintiff's third amended complaint, which were the only causes of action directed against ASC.  In March 2010, the court (Judge Rodriguez) sustained ASC's demurrer without leave to amend.

In May 2010, the court signed and filed an order dismissing ASC from the litigation with prejudice.  Plaintiff never appealed from the signed order of dismissal.

Following the dismissal order, plaintiff's lawsuit proceeded against the remaining defendants.  The operative complaint is the fifth amended complaint.

In September 2012, plaintiff filed a notice of motion to file a sixth amended complaint to allege "newly discovered facts regarding the failure to have been given notice of her right to cancel [the loan in this case] and failure to have been given two copies of the document to use for cancellation."  In November 2012, the court denied plaintiff's motion to amend.

---

[*] Before Aronson, Acting P. J., Fybel, J., and Ikola, J.

2

In March 2013, the court (Judge Claster) signed and filed a summary judgment in favor of Bank and against plaintiff on all causes of action as to Bank. Plaintiff now tells us that "other parties" also were granted summary judgment in March 2013, but we do not currently have copies of such judgments. (The record on appeal has yet to be filed.)

In May 2013, plaintiff filed her notice of appeal. Plaintiff appealed from the March 2013 summary judgments "and all interlocutory orders leading up to the judgment of dismissal, including leave to amend."

ASC filed its motion to dismiss plaintiff's appeal against ASC on timeliness grounds. In her opposition, plaintiff's counsel filed a declaration in which she made various assertions and conclusions regarding plaintiff's note and various documents, including settlement agreements, mortgage interest statements and tax forms, which counsel purported to have "reviewed" and "studied."

Bank filed a separate response to ASC's motion to dismiss. Bank did not oppose the motion to dismiss, but took plaintiff to task for "blatantly misrepresent[ing] key facts underlying this lawsuit and appeal."[1]

## II

Plaintiff's notice of appeal from the final judgment as to ASC is untimely. Where there is no notice of entry of judgment, losing parties have a maximum of 180 days after entry of judgment in which to file a notice of appeal. (Cal. Rules of Court, rule 8.104(c).)

Here, as noted, the trial court signed and filed a judgment of dismissal as to ASC in May 2010. The dismissal order disposed of all issues between plaintiff and ASC,

---

[1] The dispute between plaintiff and Bank regarding plaintiff's financial transactions and the meaning, if any, of any "newly discovered" evidence is not properly before us on this motion to dismiss, which considers only jurisdictional facts regarding the timing and appealability. We leave such legal and factual arguments to the briefing stage of this appeal, which has yet to occur. We remind the parties to limit the factual discussion in their briefs to the record before the trial court making the decision being reviewed. (Cal. Rules of Court, rule 8.204(a)(2)(C); see *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

and left no unresolved issues; there are no pending cross-complaints by any other parties against ASC.  (Cf. *G.E. Hetrick & Associates, Inc. v. Summit Construction & Maintenance Co.* (1992) 11 Cal.App.4th 318, 325;  see also *Kurwa v. Kislinger* (Oct. 3, 2013, S201619) ___Cal.4th ___ [2013 Cal. LEXIS 7982].)

Plaintiff claims that the trial court's order sustaining ASC's demurrer without leave to amend is not an appealable order.  According to plaintiff, an "[o]rder sustaining [a] demurrer with or without leave to amend is nonappealable; [an] appeal [must be] taken from [the] ensuing judgment."

Plaintiff ignores the fact that the trial court not only issued an order sustaining the demurrer, but also signed and filed a separate order dismissing the action as to ASC.  "An order sustaining a demurrer without leave to amend is not an appealable order, but an order dismissing a case is an appealable order."  (*Hudis v. Crawford* (2005) 125 Cal.App.4th 1586, 1590, fn. 4.)  There is no requirement for the order of dismissal to be labeled as a "judgment."  (*Etheridge v. Reins Internat. California, Inc.* (2009) 172 Cal.App.4th 908, 913.)  In a multiparty action, a dismissal order which finally disposes of all proceedings against one defendant is appealable, even though not all claims have been finally adjudicated as to all parties.  (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 437; see also 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 109, p. 174.)

In like fashion, while an unsigned order of dismissal does not qualify as an appealable order, a signed order of dismissal does so qualify.  (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577-1578.)  Code of Civil Procedure section 581d provides, in pertinent part:  "All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case."

4

Plaintiff points out that the order denying her leave to file the sixth amended complaint is not an appealable order, but must await the entry of an appealable order or judgment. That argument is a nonsequitur. At the time of plaintiff's motion to amend, ASC no longer was a party to the litigation, having secured a dismissal order with prejudice. The trial court lost jurisdiction over ASC once judgment was entered in its favor. (*Diamond Heights Village Assn., Inc. v. Financial Freedom Senior Funding Corp.* (2011) 196 Cal.App.4th 290, 305.)

Since the May 2010 dismissal order is a final, appealable judgment as to ASC, plaintiff at most had 180 days from that date to file her notice of appeal. Because plaintiff waited more than three years in which to file her untimely notice of appeal, we lack jurisdiction to entertain her appeal from this dismissal order. "'Compliance with the requirements for filing a notice of appeal is mandatory and jurisdictional,' and an appellate court therefore must dismiss an appeal that is untimely." (*Starpoint Properties, LLC v. Namvar* (2011) 201 Cal.App.4th 1101, 1107.)

## DISPOSITION

The appeal as it pertains to ASC is dismissed. Costs on appeal are awarded to ASC.