Filed 5/20/14  Demin v. Vanderford & Ruiz CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JAMES E. DEMIN et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>VANDERFORD & RUIZ et al.,<br><br>    Defendants and Respondents. | B245145<br><br>(Los Angeles County<br>Super. Ct. No. BC486210) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elizabeth Allen White, Judge.  Affirmed.

Greene, Broillet & Wheeler, Brown Greene, Scott H. Carr and Alan Van Gelder; Esner, Chang & Boyer and Stuart B. Esner for Plaintiffs and Appellants.

Grover A. Perrigue III; Vanderford & Ruiz, Ty S. Vanderford and Rodolfo F. Ruiz for Defendants and Respondents.

In this malicious prosecution action, the trial court granted defendants' special motion to strike the complaint based on plaintiffs' failure to show there was a reasonable likelihood they will prevail on their claim. (Code Civ. Proc., § 425.16.)[1] The trial court found that because the prior action was not terminated in a manner that reflected plaintiffs' actual innocence of the alleged misconduct, the favorable termination element of their malicious prosecution claim was missing.

In this appeal from the judgment of dismissal, plaintiffs argue that because at least one cause of action in the prior action was resolved in a manner that reflected their actual innocence of the alleged misconduct, the favorable termination element of the malicious prosecution claim has been met and this action should proceed to trial. For the reasons set forth below, we reject plaintiffs' contention and affirm the judgment of dismissal.

## BACKGROUND

In 2006, plaintiffs and appellants James and Heidi deMin contracted with GTB Construction, Inc. (GTBI) for home improvement services. After a dispute arose concerning the quality of the materials and workmanship provided by GTBI, the deMins filed the prior action for breach of contract and other claims against GTBI, Glen T. Brown, Sr. (Brown Sr.), and Glen T. Brown, Jr. (Brown Jr.).[2] In 2010, the deMins prevailed on their complaint against GTBI and Brown Sr., as well as on the cross-complaint filed in the prior action by GTBI and Brown Sr.

In 2012, the deMins filed the present action against GTBI, Brown Sr., and their attorneys for malicious prosecution of the cross-complaint in the prior action. Following the dismissals of defendants GTBI, Brown Sr., and Brooke Jimenez, the remaining

---

[1]    All subsequent undesignated statutory references are to the Code of Civil Procedure.

[2]    In the prior action, the deMins did not prevail against Brown Jr., who is not a party to the present action.

2

defendants are Vanderford & Ruiz LLP and Mario M. Menanno (respondents), who represented GTBI and Brown Sr. in the prior action.

## I.    The Prior Action

In 2007, the deMins sued GTBI and the Browns for allegedly providing inferior materials, performing defective and shoddy work, and concealing that GTBI was not a licensed contractor.  (*DeMin v. GTB Construction, Inc.* (Super. Ct. L.A. County, 2010, No. KC051131.)  The complaint alleged causes of action for fraudulent misrepresentation, rescission, breach of contract, failure to mediate, fraud, negligent misrepresentation, and negligence.

GTBI and the Browns filed a cross-complaint against the deMins and other parties (the cross-complaint).  Their first amended cross-complaint[3] contained six causes of action against the deMins:  (1) the sixth cause of action by Brown Sr. for breach of contract; (2) the seventh cause of action by GTBI for breach of contract; (3) the eighth cause of action by Brown Sr. for common counts; (4) the ninth cause of action by GTBI for common counts; (5) the tenth cause of action by Brown Sr. and GTBI for defamation; and (6) the eleventh cause of action by Brown Sr. and GTBI for interference with business relations.

The deMins moved for summary adjudication of their claim to rescind the home improvement contracts with GTBI, which was not a licensed contractor.  (See Bus. & Prof. Code, § 7031, subd. (b) ["Except as provided in subdivision (e), a person who utilizes the services of an unlicensed contractor may bring an action . . . to recover all compensation paid to the unlicensed contractor for performance of any act or contract."].)  The trial court granted the motion.

The deMins also moved for summary judgment of the cross-complaint.  The trial court granted the motion on the ground that neither GTBI nor Brown Sr. had standing to bring the cross-claims because they had filed voluntary petitions for bankruptcy without

---

[3]    Brown Jr. was a party to the original cross-complaint, but was not a party to the first amended cross-complaint, which was filed only by GTBI and Brown Sr.

listing the cross-claims as assets in the bankruptcy schedules.**4**  Because the cross-claims were not listed, they did not revert to GBTI and Brown Sr. upon the close of the bankruptcy proceedings and remained part of the bankruptcy estates.**5**

Notwithstanding its finding of a jurisdictional defect, the trial court made additional findings in its order granting the deMins's motion for summary judgment of the cross-complaint:  (1) It found that even if GTBI had standing, GTBI could not seek compensation for its performance of the home improvement contracts because it was not a licensed contractor.  (2) It found that even if Brown Sr. had standing, he could not seek compensation for his performance of the home improvement contracts because he was not a party to the contracts.  (3) It found that even if GTBI and Brown Sr. had standing, they could not prevail on the defamation and interference with business relations claims because they were incapable of showing that the alleged remarks were not privileged.

On March 1, 2010, the trial court entered an amended judgment that:  (1) awarded the deMins $107,000 (plus prejudgment interest and attorney fees) on their claim for rescission against GTBI; (2) granted the deMins summary judgment on the cross-complaint; (3) dismissed the deMins's remaining causes of action with prejudice, and (4) determined that the deMins were the prevailing parties against GTBI and Brown Sr.

---

**4**　　GTBI filed for chapter 7 bankruptcy on December 1, 2007, and Brown Sr. filed for chapter 7 bankruptcy on April 3, 2008.  The deMins sought relief from the automatic stay, which was granted by the bankruptcy court, and the stay was lifted on July 14, 2008.

**5**　　"'As a general matter, upon the filing of a petition for bankruptcy, "all legal or equitable interests of the debtor in property" become the property of the bankruptcy estate and will be distributed to the debtor's creditors.  [11 U.S.C. section] 541(a)(1).' [Citation.]" (*M & M Foods, Inc. v. Pacific American Fish Co.*, *Inc.* (2011) 196 Cal.App.4th 554, 561.)  "[P]roperty not formally scheduled in the bankruptcy proceeding is *not abandoned* at the close of the bankruptcy proceeding, even if the trustee was aware of the existence of the property.  [Citation.]  [¶]  . . .  In a bankruptcy proceeding, the 'bankruptcy code place[s] an affirmative duty on [the debtor] to schedule his assets and liabilities.  [11 U.S.C.] § 521(1).  If he fail[s] properly to schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate and [does] not revert to [the debtor].'" (*Id.* at p. 563.)

4

GTBI and Brown Sr. appealed from the judgment, which Division One of this court affirmed in 2011. (*DeMin v. GTB Construction*, *Inc.* (Dec. 20, 2011, B222902) [nonpub. opn.].) Division One held that GTBI and Brown lacked standing to pursue the cross-complaint because the cross-claims were not listed as assets in their respective chapter 7 bankruptcy petitions. After stating it was unnecessary to reach the merits of the defamation and interference cross-claims, the appellate court nevertheless "address[ed] them briefly," finding that the undisputed facts demonstrated there was no merit to the defamation and interference cross-claims.

## II.     The Present Malicious Prosecution Action

In 2012, the deMins sued respondents (and other defendants who have been dismissed) for malicious prosecution of the cross-complaint in the prior action.

Respondents filed a special motion to strike the malicious prosecution complaint under section 425.16. The trial court granted the motion after finding that: (1) the malicious prosecution claim arose from respondents' exercise of their First Amendment rights (§ 425.16, subds. (b)(1), (e)(1)); and (2) the deMins failed to establish a reasonable likelihood that they would prevail on the claim.

The trial court found that because the prior cross-complaint was defeated on the jurisdictional ground that GTBI and Brown Sr. lacked standing, there was no favorable termination for purposes of malicious prosecution. Given the deMins's failure to establish the favorable termination element of their malicious prosecution claim, the trial court granted respondents' special motion to strike, awarded respondents their fees and costs, and entered a judgment of dismissal. This timely appeal followed.

5

## I.  The Special Motion to Strike

Section 425.16, commonly referred to as the anti-SLAPP[6] statute, provides in pertinent part:  "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."
(§ 425.16, subd. (b)(1).)

The anti-SLAPP statute was enacted "to address the societal ills caused by meritless lawsuits that are filed to chill the exercise of First Amendment rights.
(§ 425.16, subd. (a).)  The statute accomplishes this end by providing a special procedure for striking meritless, chilling causes of action at the earliest possible stages of litigation. The statute requires two steps for striking a cause of action.  In the first step, the court is tasked with determining whether the defendant has made a threshold showing that the challenged cause of action is one 'arising from protected activity.'  In this step, the moving defendant must demonstrate that the acts upon which the plaintiff's claim is based were taken in furtherance of the defendant's right of petition or free speech under the federal or state Constitution.  If the court finds this threshold showing has been made by the defendant, the court must then determine whether the plaintiff has demonstrated a 'probability of prevailing' on his or her claim.  (See *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 (*Equilon*).)  A cause of action may be stricken under the anti-SLAPP statute only when both steps are satisfied, that is, when the defendant has demonstrated that the plaintiff's claim 'arises from protected [activity]' on the part of the defendant, and the plaintiff fails to show a 'probability of prevailing' on his or her claim. (See *PrediWave Corp. v. Simpson Thacher & Bartlett LLP* (2009) 179 Cal.App.4th 1204,

---

**6**    SLAPP is the acronym for strategic lawsuit against public participation.

1218 (*PrediWave*).)" (*Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 443 (*Gerbosi*).)

The first element of the anti-SLAPP statute is not at issue. The deMins do not challenge the trial court's determination that a malicious prosecution action falls within the scope of the statute. (See *Jarrow Formulas*, *Inc. v. LaMarche* (2003) 31 Cal.4th 728, 735 [courts have uniformly held that malicious prosecution actions fall within the purview of the anti-SLAPP statute].)

This appeal turns on the second element of the anti-SLAPP statute. The "second element—a 'probability of prevailing'—means a reasonable probability of prevailing, not prevailing by a preponderance of the evidence. For this reason, a court must apply a 'summary-judgment-like' test (*Taus v. Loftus* (2007) 40 Cal.4th 683, 714), accepting as true the evidence favorable to the plaintiff and evaluating the defendant's evidence only to determine whether the defendant has defeated the plaintiff's evidence as a matter of law. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 823, disapproved on other grounds in *Equilon*, *supra*, 29 Cal.4th at p. 68, fn. 5.) A court may not weigh credibility or compare the weight of the evidence. The court's single task is to determine whether the plaintiff has made a prima facie showing of facts supporting his or her cause of action. (*ComputerXpress, Inc. v. Jackson* [(2001)] 93 Cal.App.4th [993,] 1010.)" (*Gerbosi*, *supra*, 193 Cal.App.4th at p. 444.)

"An appellate court reviews an order denying an anti-SLAPP motion under the de novo standard of review. (*PrediWave, supra*, 179 Cal.App.4th at p. 1220.)" (*Gerbosi*, *supra*¸ 193 Cal.App.4th at p. 444.)


## II.     Malicious Prosecution

"To establish a claim for malicious prosecution, a plaintiff is required to show that a prior claim initiated by the defendant was (1) pursued to a legal termination favorable to the plaintiff, (2) brought without probable cause, and (3) initiated with malice. (*Villa v. Cole* (1992) 4 Cal.App.4th 1327, 1335.)" (*Yee v. Cheung* (2013) 220 Cal.App.4th 184, 199.)

7

The parties do not dispute that a malicious prosecution claim may be based on a prior cross-complaint:  "[A] cause of action for malicious prosecution lies when predicated on a claim for affirmative relief asserted in a cross-pleading even though intimately related to a cause asserted in the complaint."  (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 53.)

The issue we must determine is whether the favorable termination element of a malicious prosecution claim can be established where the parties who filed the prior action lacked standing to bring the action, which is a jurisdictional defect.  For the reasons that follow, we conclude the answer is no.

### A.      *Favorable Termination*

"Favorable termination 'is an essential element of the tort of malicious prosecution, and it is strictly enforced.'  (*Ferreira v. Gray, Cary, Ware & Freidenrich* (2001) 87 Cal.App.4th 409, 413 . . . .)"  (*StaffPro, Inc. v. Elite Show Services, Inc*. (2006) 136 Cal.App.4th 1392, 1400 (*StaffPro*).)

"The element of 'favorable termination' requires a termination reflecting the merits of the action and plaintiff's innocence of the misconduct.  (*Pender v. Radin* [(1994)] 23 Cal.App.4th 1807, 1814.)  '"The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused . . . ."  [Citation.]'  (*Lackner v. LaCroix* (1979) 25 Cal.3d 747, 750.)  . . .

"Thus plaintiff must establish more than that he prevailed in the underlying action.  (*Robbins v. Blecher* (1997) 52 Cal.App.4th 886, 893.)  He must prove a termination that reflects on his innocence.  (*Ibid*.)  If the resolution of the underlying action leaves some doubt concerning plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of action for malicious prosecution.  (*Eells v. Rosenblum* (1995) 36 Cal.App.4th 1848, 1855.)"  (*Pattiz v. Minye* (1998) 61 Cal.App.4th 822, 827.)

B.    *Lack of Standing Is a Jurisdictional Defect That Mandates Dismissal*

"A lack of standing is a jurisdictional defect to an action that mandates dismissal. (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 438; *Hudis v. Crawford* (2005) 125 Cal.App.4th 1586, 1592.)  '"[A] complaint by a party lacking standing fails to state a cause of action by the particular named plaintiff, inasmuch as the claim belongs to somebody else.  [Citation.]  A more accurately stated rationale would be that there is a defect in the parties, since the party named as plaintiff is not the real party in interest." (*Cloud v. Northrop Grumman Corp.* [(1998)] 67 Cal.App.4th [995,] 1004 . . . .) "Plaintiff's lack of standing to sue on the claim is treated as a 'jurisdictional' defect and is not waived by defendant's failure to raise it by demurrer or answer:  '[C]ontentions based on a lack of standing involve jurisdictional challenges and may be raised at any time in the proceeding.'"  (Weil [&] Brown, Cal. Practice Guide[:  Civil Procedure Before Trial (The Rutter Group 2003)] ¶ 2:78, p. 2-21, italics omitted.)  "Lack of standing negates existence of a cause of action and is not waived by failure to object; it can even be raised for the first time on appeal."  (*Id.*, ¶ 2:81.1, p. 2-22.)' (*O'Flaherty v. Belgum* (2004) 115 Cal.App.4th 1044, 1095 (dis. opn. of Grignon, Acting P. J.).)" (*Cummings v. Stanley* (2009) 177 Cal.App.4th 493, 501; see *Hudis v. Crawford*, *supra*, 125 Cal.App.4th at p. 1592 [lack of standing is a jurisdictional defect]; *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 882 [dismissal for lack of jurisdiction does not involve the merits and cannot constitute a favorable termination for purposes of malicious prosecution].)

C.    *If a Litigant Lacks Standing to Bring a Cross-complaint, Dismissal Is Mandated; Any Substantive Ruling on the Cross-claims Is in Excess of the Court's Jurisdiction and Is Void*

"In the rendition of a judgment a court must remain within its jurisdiction and power.  It is the power and authority behind a judgment rather than the mere result reached which determines its validity and immunity from collateral attack.  A judgment, though entered in a case over which the court had jurisdiction over the parties and the

subject matter, may be void in whole or in part because it granted some relief which the court had no power to grant. A wrong decision made within the limits of the court's power is error correctable on appeal or other direct review, but a decision which oversteps the jurisdiction and power of the court is void and may be set aside directly or collaterally. [Citations.]" (*Vasquez v. Vasquez* (1952) 109 Cal.App.2d 280, 283.)

"A void judgment or order may be disregarded by the parties and the trial court, and may be set aside by the trial court on its own motion, despite the pendency of an appeal. [Citations.]" (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 938.)

> D.    *The DeMins Are Incapable of Establishing Their Actual Innocence of the Prior Cross-claims Because the Court Lacked Jurisdiction to Resolve Those Claims on the Merits*

The deMins contend that in the prior action, the appellate court affirmed, on substantive grounds, the summary judgment ruling on the defamation and interference cross-claims, thereby satisfying the favorable termination element of the malicious prosecution claim. We are not persuaded.

In the prior action, once it was determined that GTBI and Brown Sr. lacked standing to bring the cross-complaint, the jurisdictional defect negated the cross-claims, which belonged to someone else. As a result of the jurisdictional defect, the court lacked authority to adjudicate the cross-claims on the merits and dismissal was mandated. (See *Common Cause v. Board of Supervisors*, *supra*, 49 Cal.3d at p. 438; *Hudis v. Crawford*, *supra*, 125 Cal.App.4th at p. 1592.) Therefore, any ruling on the merits of the cross-claims is a void ruling that the deMins may not rely on to show a favorable termination of any portion of the prior cross-complaint. (See *Cantu v. Resolution Trust Corp.*, *supra*, 4 Cal.App.4th at p. 882.)

10

*E.     The Cases Cited by the DeMins Do Not Support Their Contention That the Judgment Must Be Reversed*

In the order granting the special motion to strike, the trial court quoted the following passage, which was quoted in *StaffPro*: "[A] plaintiff in a malicious prosecution must establish "'a favorable termination of the *entire* [underlying] action'" and . . . the other elements of the tort, such as probable cause, will only be reached after "'judgment ha[s] been reached in the plaintiff's favor in the prior action as a whole.'" [Citations.]" (*StaffPro*, *supra*, 136 Cal.App.4th at p. 1406.)

In *StaffPro*, *supra*, 136 Cal.App.4th 1392, the appellate court held that because the malicious prosecution defendant (Elite) had obtained some relief in the prior action, the malicious prosecution plaintiff (StaffPro) was incapable of showing there was a favorable termination of the prior action. (*Id.* at p. 1407.)

On appeal, the deMins contend that *StaffPro* is distinguishable because respondents, unlike Elite, did not prevail on *any* aspect of the prior cross-complaint. The deMins argue that because respondents failed to obtain any relief in the prior action, it is permissible to resolve the favorable termination issue in their favor based on the substantive ruling that absolved the deMins of liability for the defamation and interference allegations on which this malicious prosecution action is based.

Although we agree that *StaffPro* is distinguishable because Elite was successful on one of the underlying claims, we are not convinced that the distinction is relevant to our resolution of this appeal. The trial court granted respondents' special motion to strike because the cross-complaint was terminated based on a ground—respondents' lack of standing—which does not reflect on guilt or innocence and, therefore, does not constitute a favorable termination for malicious prosecution purposes. (Citing *Hudis v. Crawford*, *supra*, 125 Cal.App.4th at pp. 1590-1592 [a termination that does not reflect on the innocence of, or the lack of responsibility for, the alleged misconduct is not a favorable termination for malicious prosecution purposes].) Because *StaffPro* did not involve a party who lacked standing to bring any of the claims alleged, we do not find it helpful to our analysis of this appeal.

11

The other cases cited by the deMins for the proposition that a substantive decision on the merits by *either* the trial court or the appellate court constitutes a favorable termination for purposes of malicious prosecution—*Ray v. First Federal Bank* (1998) 61 Cal.App.4th 315 (*Ray*) and *Padres L.P. v. Henderson* (2003) 114 Cal.App.4th 495 (*Padres*)—also fail to assist our analysis.

In *Ray,* a law firm (McKenna) sued a former client (bank) for malicious prosecution of an underlying malpractice cross-complaint (malpractice action), in which McKenna obtained summary judgment on a statute of limitations defense that did not reflect on the merits of the malpractice allegations. However, when the Court of Appeal affirmed the summary judgment, it did not discuss whether the claim was timely, but found as a matter of law that McKenna did not breach any duty of care. In McKenna's subsequent action for malicious prosecution, bank obtained judgment on the pleadings on the ground that the malpractice action had not terminated favorably to McKenna. However, McKenna successfully moved for a new trial on the theory that it could establish a favorable termination of the malpractice action based on the appellate court's favorable determination that it was innocent of the malpractice allegations. In affirming the new trial order, the appellate court agreed that the malpractice action did not terminate until the Court of Appeal's ruling became final, which, because it reflected on McKenna's innocence of the malpractice allegations, constituted a favorable termination.

We conclude, however, that *Ray* is distinguishable because it involved a procedural defense—the statute of limitations—that, unlike a jurisdictional defect, may be waived. (See *JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1526 [statute of limitations may be waived if not asserted as an affirmative defense and proven].) If a stale claim is filed, a defendant who wishes to pursue a malicious prosecution action must "eschew the procedural defense, forgo the easy termination, and obtain a favorable judgment on the merits. Otherwise, the policy reasons behind requiring a favorable termination would be thwarted if a litigant could meet the favorable termination requirement simply by alleging [the malicious prosecution] defendants knew the [prior] action was barred by the statute of limitations." (*Warren v. Wasserman*,

12

*Comden & Casselman* (1990) 220 Cal.App.3d 1297, 1303.) However, if a claim is filed by a party who lacks standing, a defendant who wishes to pursue a malicious prosecution action has no similar right to ignore or waive the plaintiff's lack of standing. Because a plaintiff's lack of standing will negate the claim, lack of standing is a jurisdictional defect that mandates dismissal of the action and is not waived by the defendant's failure to object. (*Cummings v. Stanley, supra,* 177 Cal.App.4th at pp. 500-501 [lack of standing is a jurisdictional defect to an action that mandates dismissal and is not waived by a failure to object].)

We similarly conclude that the *Padres* decision, which involved the reverse scenario of the *Ray* decision, does not assist our analysis.[7] Like *StaffPro* and *Ray*, *Padres* is distinguishable because it did not involve a jurisdictional defect caused by the filing of a cross-complaint by a party who lacked standing.

---

[7] In *Padres*, an underlying case was favorably resolved on the merits in the trial court, but was resolved on appeal on procedural grounds without addressing the merits of the action. (114 Cal.App.4th at pp. 514-515.) In the subsequent malicious prosecution action, the appellate court held that the trial court's substantive ruling was sufficient to constitute a favorable termination for purposes of malicious prosecution, notwithstanding the appellate court's resolution on procedural grounds. (*Ibid.*)

13

## DISPOSITION

The judgment of dismissal is affirmed.  Respondents are entitled to recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, J.*

We concur:


WILLHITE, Acting P. J.


MANELLA, J.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.