Filed 12/9/21  Morrow v. Salas CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| JULIE MORROW, | C093162 |
| Plaintiff and Appellant, | (Super. Ct. No. TFL166489) |
| v. | |
| VICTOR ZEVALLOS SALAS, | |
| Defendant and Respondent. | |

After the trial court determined that appellant Julie Morrow (Mother) made false allegations that respondent Victor Zevallos Salas (Father) had sexually abused their minor children, it modified the custody arrangement, but maintained the parents' joint legal and physical custody of the children.  To "restore . . . her good name as a competent parent," Mother appeals, asking us to remand the matter to the trial court and instruct it to remove from its written ruling characterizations of Mother's allegations against Father as "false."  As articulated, Mother's nominal interest does not satisfy the standing

1

requirement that she be sufficiently aggrieved by the ruling on appeal.  Accordingly, we dismiss the appeal.

BACKGROUND

In May 2018, a judgment of dissolution of marriage was granted, awarding the parties joint legal and physical custody of their young sons.  In September 2019, Mother asked the trial court to modify the custody order, accusing Father of sexual misconduct towards their children.

After a four-day evidentiary hearing concluded in July 2020, the parties submitted closing argument briefs to the trial court.  Mother explained that, while she "fear[ed] Father may have acted improperly," she "hope[d] she [was] wrong," and "concede[d] that the evidence presented at trial was not sufficient to prove Father sexually abused" the children.

In a September 2020 ruling, the trial court found that Mother made "false allegations that [Father] had sexually abused both minor children."  The trial court modified the custody arrangement, but maintained parents' joint legal and physical custody of their children.

Mother filed a timely notice of appeal.

DISCUSSION

Mother does not ask us to reverse the trial court's order of joint physical and legal custody, or the trial court's change to the custody arrangement.  Rather, she asks us to "restore . . . a measure of her good name as a competent parent by remanding . . . with instructions" to the trial court to remove references in its written order to her allegations against Father as "false."

Mother contends the trial court's findings in that regard were "not supported by substantial evidence."  Conceding on appeal, as she did below, that "the evidence does not prove Father abused the children," Mother maintains the evidence nevertheless "supports the conclusion that [she] acted honestly in an effort to protect her children."

2

Mother insists the trial court—by "overlook[ing] th[e] distinction" between "an honest but mistaken accusation and a deliberate lie"—"essentially brand[ed] [her] a liar."

We will dismiss this appeal, because Mother lacks standing to pursue her claim.

"A 'lack of standing' is a jurisdictional defect." (*Hudis v. Crawford* (2005) 125 Cal.App.4th 1586, 1592; see *Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 295 ["Standing to appeal is 'jurisdictional and therefore cannot be waived' "].) "[T]o have standing to appeal, a person generally must be both a party of record and sufficiently 'aggrieved' by the judgment or order." (*Marsh v. Mountain Zephyr, Inc.*, *supra*, at p. 295.)

" 'To be aggrieved, a party must have a legally cognizable immediate and substantial interest which is injuriously affected by the court's decision. A nominal interest or remote consequence of the ruling does not satisfy' the standing requirement. [Citation.]" (*In re S.A.* (2010) 182 Cal.App.4th 1128, 1134.)

In *In re S.A.*, a father appealed an order declaring his daughter a dependent of the juvenile court. One of the father's claims for reversal of the order was that his daughter's counsel rendered ineffective assistance by not interviewing his daughter's therapist, who would have told counsel the daughter was lying about father sexually abusing her, "and thus the outcome of the jurisdictional hearing would have supposedly been different." (*In re S.A., supra*, 182 Cal.App.4th at pp. 1131-1134.) The appellate court ruled the father lacked standing to pursue the claim of ineffective assistance of his daughter's counsel, and rejected the father's "assert[ion] he ha[d] a personal interest in the matter because he was 'falsely labeled as a sexual molester.' Harm to a parent's reputation or credibility . . . 'is—at best—a "remote consequence of [a] ruling" that "does not satisfy" the requirements for standing.' [Citation.]" (*Id*. at p. 1134.)

Here too, Mother's desire to "restore . . . a measure of her good name as a competent parent" is a nominal interest that does not satisfy the standing requirement that

she be an aggrieved party.  Accordingly, mother lacks appellate standing to pursue her claim, and we will dismiss the appeal.[1]

## DISPOSITION

The appeal is dismissed.  Father shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


_____/s/_____
RAYE, P. J.



We concur:



_____/s/_____
HULL, J.



_____/s/_____
KRUASE, J.

_____

[1] "[C]ourts have inherent authority to control their own calendars and dockets, and to inquire into their own jurisdiction." (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 267.)  Any party aggrieved by this procedure may file a petition for rehearing under Government Code section 68081.  But as our Supreme Court has explained, Government Code section 68081 "does not require that a party actually have briefed an issue; it requires only that the party had the opportunity to do so," "and the fact that a party does not address an issue, mode of analysis, or authority that is raised or fairly included within the issues raised does not implicate the protections of section 68081." (*People v. Alice* (2007) 41 Cal.4th 668, 677, 679.)  The question of appellate jurisdiction is present in every appeal, and therefore is fairly included within the issues raised in this appeal.