Margaret S. WISE, an individual,
Plaintiff,

v.

WELLS FARGO BANK, N.A.; U.S. Bank, N.A. as Trustee for Citigroup Mortgage Loan Trust, Inc., Mortgage Pass–Through Certificates, Series 2006–AR9; and Does 1–10, inclusive, Defendants.

Case No. CV 11–8586 CBM (PJWx).

United States District Court,
C.D. California.

March 23, 2012.

Deborah P. Gutierrez, Gordon Flint Dickson, Michael Eugene Thompson, Prosper Law Group LLP, Los Angeles, CA, for Plaintiff.

Jarlath M. Curran, II, Severson and Werson APC, Irvine, CA, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

CONSUELO B. MARSHALL, District Judge.

The matter before the Court is Defendants' Motion to Dismiss First Amended Complaint. [Docket No. 14.]

### I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343; 15 U.S.C. §§ 1692, 1641(g); 12 U.S.C. § 2605; and

42 U.S.C. § 1983. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On or about June 21, 2006, Plaintiff Margaret Wise ("Plaintiff") purchased real property located at 2009 Ernest Avenue, Redondo Beach, California 90278 (the "Property") and obtained a $940,000 mortgage loan (the "Loan") from Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (First Amended Complaint ("FAC"), ¶¶ 1, 15; Ex. A.) Plaintiff alleges that Wells Fargo's interest in the Loan was never properly assigned to U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc., Mortgage Pass–Through Certificates, Series 2006–AR9 ("U.S. Bank"). (FAC ¶¶ 19–23.) Defendants executed and recorded an allegedly "fabricated" Assignment of Deed and Trust on or around August 16, 2011. (FAC ¶ 26, Exh. D.) Plaintiff timely paid her mortgage payments "until 2008" and was then denied a loan modification. (FAC ¶ 18.) A notice of default was executed on August 5, 2011 and recorded on August 10, 2011 (Defendants' Request for Judicial Notice, Ex. D; FAC ¶ 30.)

Plaintiff filed a complaint on October 17, 2011 alleging seven federal and state causes of action seeking not less than $5,000,000 in damages, punitive damages, an order enjoining Defendants from continuing the foreclosure process, a declaratory judgment finding that Defendants have no legally cognizable rights as to Plaintiff, the Property, or the Loan, an order compelling Defendants to disgorge all amounts wrongfully taken from Plaintiff plus interest, costs, and fees. [Docket No. 1.] Defendants filed a motion to dismiss on November 14, 2011. [Docket No. 9.] Prior to filing an opposition, Plaintiff filed a First Amended Complaint on December 5, 2011 removing an erroneously named defendant and adding four new causes of action. [Docket No. 12.] Defendants filed this pending motion on December 19, 2011 ("Motion"). [Docket No. 14.] An opposition and reply were timely filed. [Docket Nos. 15, 16.]

## III. STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted is grounds for dismissal of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Although the Court must accept the factual allegations in the complaint as true, the Court must not accept the legal conclusions in the complaint as true. *Iqbal,* 129 S.Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *(Id.)* (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *(Id.)*

## IV. DISCUSSION

Plaintiff's primary contention in her FAC is that the Defendants are not Plaintiff's true creditors and have no legal, equitable, or pecuniary right in the debt obligation in the Loan. Specifically, Plaintiff argues that the originating lender sold the debt obligation, but that it is unknown to whom it was sold. (Plaintiff's Opposition

to Defendants' Motion to Dismiss First Amended Complaint ["Opp'n"] at 1:21–24.) Plaintiff contends that the Note and Deed of Trust were never validly assigned to U.S. Bank because there was not compliance with the operative U.S. Bank Pooling and Servicing Agreement ("PSA"), and that the Note and Deed of Trust are therefore not part of U.S. Bank's trust res. (FAC ¶¶ 17, 23–24.) Defendants' Motion seeks to dismiss all of Plaintiff's causes of action.

## A. Whether an Actual Controversy Exists Between the Parties

Defendants argue that Plaintiff's first cause of action, for declaratory judgment, fails as a matter of law because there is no actual, present controversy between the parties. (Motion at 2:17–3:2.) Defendants make three relevant arguments for this position: that Plaintiff's challenge to U.S. Bank's authority is improper, that Plaintiffs theory of improper loan securitization or loan pooling fails, and that the claims are barred by the doctrine of tender.

### 1. Declaratory Relief Cause of Action: Whether Plaintiff May Challenge U.S. Bank's Authority in Court

■ Defendants first argue that it is improper to challenge U.S. Bank in court because California Civil Code Sections 2924 through 2024k "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." (Motion at 3:4–7, quoting *Moeller v. Lien,* 25 Cal.App.4th 822, 830, 30 Cal.Rptr.2d 777 (1994).) In *Gomes v. Countrywide Home Loans, Inc.,* 192 Cal.App.4th 1149, 121 Cal.Rptr.3d 819 (2011), the California Court of Appeal held that a Plaintiff does not have a right to bring a lawsuit to determine a nominee's authorization to proceed with nonjudicial foreclosure on be-

half of a noteholder. *Id.* at 1155, 121 Cal.Rptr.3d 819.

Defendants' reliance on *Gomes* is misguided, however, because here the issue is whether the wrong entity had initiated foreclosure whereas in *Gomes* it was whether the company selling the property in the nonjudicial foreclosure sale was authorized to do so by the owner of the promissory note. (Opp'n at 11:21–14:3.) This case is a challenge to the principal's authority to foreclose rather than to whether an agent had the authorization of its principal to initiate foreclosure. The *Gomes* court specifically distinguished itself from *Ohlendorf v. American Home Mortgage Servicing,* 279 F.R.D. 575 (E.D.Cal.2010) in which "the plaintiff alleged wrongful foreclosure on the grounds that assignments of the deed of trust had been improperly backdated, and thus the wrong party had initiated the foreclosure process." *Gomes,* 192 Cal.App.4th at 1155, 121 Cal.Rptr.3d 819. *Ohlendorf* notes that a plaintiff has a viable claim for wrongful foreclosure if it is alleged that defendants "are not the proper parties to foreclose." *Ohlendorf,* 279 F.R.D. at 582–83, 2010 WL 8533800, at *8. This case is closer to *Ohlendorf* than *Gomes,* and the Court denies Defendants' Motion as to this argument.

### 2. Whether Plaintiffs Theory of Improper Loan Securitization or Loan Pooling Fails as a Matter of Law.

■ Defendants next argue that Plaintiff's loan securitization and loan pooling theories fail as a matter of law. (Motion at 4:15–6:17.) Defendants' arguments are made under the assumption that Plaintiff is challenging what would be a typical mortgage-based securitization and transfer into a loan pool and that these typical transfers are proper. But the FAC in-

stead alleges that Defendants attempted and failed to conduct a typical securitization and transfer. Plaintiff states in opposition: "Plaintiff does **not** dispute that her Loan would have been legitimately securitized into the Citigroup Trust had Defendants followed the terms of the PSA and New York trust law." (Opp'n at 9:23–26.) Plaintiff alleges that "the attempted securitization failed because of multiple violations of [Citigroup Trust's Pooling and Servicing Agreement or "PSA"] and New York Trust law." (*Id.* at 10:1–3.) Defendants' arguments are not directly on point to the allegations in the FAC. The FAC alleges a fairly unique set of facts here sufficient to state a claim for declaratory judgment. The Court denies Defendants' Motion as to this argument.

### 3. Whether the Claims Are Barred by the Doctrine of Tender.

 Defendants argue that Plaintiff's claims are barred because she has failed to allege tender. (Motion at 7:9–8:14.) Generally, "a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934). "If the offeror 'is without the money necessary to make the offer good and knows it' the tender is without legal force or effect." *Anaya v. Advisors Lending Grp.*, 2009 WL 2424037, at *10 (E.D.Cal. Aug. 5, 2009) (quoting *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal.App.3d 112, 118, 92 Cal.Rptr. 851 (1971)).

Defendants argue that Plaintiff has failed to allege her financial ability to tender the amounts necessary to support her claims. (Mot. at 8:12–14.) Plaintiff responds with a legal argument that she is not required to allege tender because the tender requirement does not apply when a plaintiff challenges the beneficial interest held by the defendant rather than the procedural sufficiency of the foreclosure itself. *See Vogan v. Wells Fargo Bank,*

*N.A.*, No. 2:11–cv–02098–JAMOKJN, 2011 WL 5826016, *7–8 (E.D.Cal. Nov. 17, 2011); *Foulkrod v. Wells Fargo Financial California Inc.*, No. CV 11–732–GHK (AJWx) (CD.Cal. May 31, 2011) ("... requiring plaintiff to tender the amount due on his loan at this time would be illogical and inequitable given that he disputes that Wells Fargo has any rights under the loan").

Even without Plaintiff's legal argument, the FAC alleges that "Plaintiff has offered to and is ready, willing, and able to unconditionally tender her obligation.... Not only is Plaintiff ready, willing, and able to tender her obligation, but she is also gainfully employed and has the ability to pay a reasonable payment to fulfill her obligation." (FAC ¶¶ 40–41.) Defendants have not provided a case stating that a Plaintiff is required to allege specifics about her financial ability to tender. The Court **denies** Defendants' Motion as to the tender argument, and therefore, as to Plaintiff's declaratory judgment relief cause of action.

### B. Negligence Cause of Action: Whether Defendants Owe Plaintiff a Duty of Care

 Defendants argue that Plaintiff's negligence cause of action must fail as a matter of law because Defendants do not owe Plaintiff a duty of care. (Motion at 8:15–9:7.) "The existence of a duty of care ... is the essential prerequisite to a negligence cause of action, determined as a matter of law by the court." *Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal. App.3d 1089, 1095, 283 Cal.Rptr. 53 (1991). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id.* at 1096, 283 Cal.Rptr. 53.

"Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal.App.3d 27, 35, 161 Cal.Rptr. 516 (1980) (quoting *Connor v. Great Western Sav. & Loan Ass'n*, 69 Cal.2d 850, 864, 73 Cal.Rptr. 369, 447 P.2d 609 (1968)).

Plaintiff contends that because of the alleged efforts Defendants made to assist and process numerous loan modification application submissions from Plaintiff, "Defendants went beyond their role as a conventional silent lender and loan servicer to offer an opportunity to Plaintiff for loan modification." (Opp'n at 16:14–16.) Plaintiff, however, has failed to allege facts showing that Defendants have engaged in any activity that goes beyond the role of a conventional loan servicer. The Court **grants** Defendants' Motion to Dismiss **without prejudice** as to Plaintiff's negligence cause of action.

## C. FDCPA Cause of Action: Whether Defendants Are Debt Collectors

■ Defendants argue that Plaintiff's FDCPA cause of action fails as a matter of law because Defendants are not "debt collectors" as required by the statute. (Motion at 9:9–11.) In its statutory definition, the FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "The FDCPA specifically excludes creditors collecting their own consumer debts.... Mortgage loan beneficiaries and servicing companies are not 'debt collectors' under the FDCPA." *Derakhshan v. Mortg. Elec. Registration Sys.*, 2009 WL 3346780, *7, 2009 U.S. Dist. LEXIS 100505, *19–*20 (C.D.Cal. Oct. 13,

2009) (Guilford, J.) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned")).

Here, there is no allegation that the principal purpose of the business of any defendant is the collection of debts. The Complaint is also unclear as to when Plaintiff defaulted on the loan and when any transfer may have taken place, so the Court cannot conclude from the allegations that the debt was in default at the time it was assigned. The Court, therefore, **grants** Defendants' motion **without prejudice** as to the FDCPA cause of action.

## D. TILA Cause of Action: Whether Plaintiff States a Claim Against U.S. Bank

■ The Truth in Lending Act, 15 U.S.C. § 1641(g) ("TILA"), requires an assignee of a mortgage loan to notify a borrower in writing of any transfer within 30 days of the transfer. Defendants argue that Plaintiff has failed to state a claim under 15 U.S.C. § 1641(g) for two reasons. First, Plaintiff has not been damaged by any alleged failure to notify. (Motion at 10:9–12:5.) Defendants argue that "even assuming no notice of assignment was provided, Plaintiff was assisted in attempting to save her home from foreclosure." (*Id.* at 10:22–23.) Defendants note that the alleged lack of notice has nothing to do with Plaintiff's failure to make payments under the loan and it is Plaintiff's failure that has resulted in damaged credit or other damages. (*Id.* at 11:1–15.) In opposition, Plaintiff correctly notes that under TILA, a Plaintiff must allege either actual or statutory damages. *See* 15 U.S.C.

§§ 1640(a)(1), 1640(a)(2)(A)(iv); *King v. Central Bank,* 18 Cal.3d 840, 848, 135 Cal. Rptr. 771, 558 P.2d 857 (1977) (lender is liable for "statutory penalties and attorney's fees"). Plaintiff has at least alleged statutory damages.

Second, Defendants argue that the alleged omission was not a material disclosure. (Motion at 10:9–12:5.) Defendants contend that consumers are allowed a remedy under TILA only for a failure to provide specified "material disclosures." (Mot. at 11:25–12:5.) This is not an accurate description of TILA, however, as TILA states, "In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer. . . ." 15 U.S.C. § 1641(g)(1).

The Court **denies** Defendant's Motion as to the TILA cause of action.

## E. RESPA Cause of Action: Whether Plaintiff States a Claim

▪ The First Amended Complaint alleges that Defendants violated RESPA because they received a valid "Qualified Written Request" or QWR from Plaintiff, but failed to acknowledge receipt and failed to correct the account or protect Plaintiff's credit rating. (FAC ¶¶ 105–112.) Defendants present two arguments as to why Plaintiff fails to state a RESPA claim. First, Defendants argue that Plaintiff's August 21, 2011 letter (FAC ¶ 31, Ex. G), to which Defendants allegedly did not respond, is not a QWR. A valid QWR is a written correspondence that includes the name and account of the borrower, statement of reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the services regarding other information sought by the borrower. 12

U.S.C. § 2605(e)(1)(B). Per section 1463(c) of the Dodd–Frank Act, Defendants were required to acknowledge receipt of Plaintiff's QWR but allegedly did not. (FAC ¶¶ 105–116.)

Defendants argue that Plaintiff's letter was not a QWR because it was "not related to the servicing or servicing errors of the loan" and "does nothing more than demand information related to the owner of the note and transfers or assignments of the note." (Motion at 12:10–13.) Plaintiff argues that the letter must only state reasons for the belief that the account is in error "to the extent applicable" and that it must only provide detail "regarding other information sought." (Opp'n at 20:18–22.) *See In re Chalgren,* No. 09–56729/Adv. Proc. No. 10–5057, 2011 WL 4753528 (N.D.Cal.Bankr. Oct. 7, 2011) ("a letter can be a Qualified Written Report even if the letter does not state that the account is in error").

The letter here states in part, "I would like to know the name, address, and phone number of the bank or investor that owns my mortgage. . . . I demand to see the original mortgage note proving ownership over my home loan." (FAC ¶ 3, Ex. G.) The reason for this demand as stated in the letter is the "many stories documenting the problem that banks are foreclosing on homes without proof that they own the loan." (*Id.*) The Court cannot find as a matter of law that the letter is not a QWR.

Second, Defendants argue that the RESPA claim fails because it does not show actual damage caused by the alleged failure to respond to Plaintiffs QWR. (Motion at 14:2–5.) To state a claim for relief under RESPA, a Plaintiff must allege either a purported pattern or practice of violating the statute or actual damage caused by the asserted violation. 12 U.S.C. § 2605(f); *Fonua v. First Allied Funding,* 2009 WL 816291, *3 (N.D.Cal.

2009). Here, however, the FAC alleges pecuniary damages including costs related to damage to Plaintiff's credit. (See FAC ¶¶ 114–116.)

The Court **denies** Defendants' Motion as to Plaintiff's RESPA claim.

## F. Under California Business & Professions Code Section 17200 (Unfair Competition Law) Cause of Action: Whether Plaintiff States a Claim

 Business practices can be in violation of California's Unfair Competition Law as being either unlawful or unfair. As to the unlawful prong, Defendants argue that Plaintiff has failed to show an underlying violation of law because Plaintiff's other alleged violations all fail. (Motion at 15:3–16.) Because the Court disagrees with this premise, the Court denies Defendants' Motion as to this argument. As to the unfair conduct prong, Defendants argue that Plaintiff cannot allege unfair conduct because there were multiple other lenders making loans on comparable terms and conditions. (Motion at 15:17–16:9.) Again, this argument is made under the assumption that Plaintiff is challenging what would be a typical mortgage-based securitization and transfer into a loan pool. Plaintiff is challenging whether a valid transfer was ever made. The FAC includes allegations that Defendants have collected Plaintiffs payments with no right to do so, that they attempted to cover up a defective transfer of her debt obligations, and that Defendants have engaged in deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, and foreclosures of residential properties by demanding and accepting payments for "nonexistent" debts. (Opp'n at 21:22–22:2.)

The Court **denies** Defendants' Motion as to this cause of action.

## G. Accounting Cause of Action: Whether Plaintiff Is Entitled

 Accounting "is not an independent cause of action but merely a type of remedy and an equitable remedy at that." *Batt v. City & County of San Francisco,* 155 Cal.App.4th 65, 82, 65 Cal.Rptr.3d 716 (2007) (citing *Shell Oil Co. v. Richter,* 52 Cal.App.2d 164, 168, 125 P.2d 930 (1942)). An accounting may be brought to compel a defendant to account to a plaintiff for money where (1) a fiduciary duty exists; or (2) where no fiduciary duty exists, "the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Civic Western Corp. v. Zila Industries, Inc.,* 66 Cal.App.3d 1, 14, 135 Cal.Rptr. 915 (1977) ("A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law.") (quoting *St. James Church v. Superior Court,* 135 Cal.App.2d 352, 359, 287 P.2d 387 (1955)); *see also* 5 Witkin, Cal. Procedure, Pleading § 819, p. 236 (4th ed.1997).

 The Court found above that Defendants owe no fiduciary duty to Plaintiff and there are currently no allegations supporting a finding that the balance due from the defendant is so complicated that an ordinary legal action demanding a fixed sum is impractical. Accounting is not a valid cause of action and is already included within Plaintiff's request for relief. (*See* FAC, Request for Relief 6.) The Court, therefore, **grants with prejudice** Defendants' Motion as to the accounting cause of action. If Plaintiff is not satisfied that the relief currently sought includes an accounting, Plaintiff may amend the request for relief to include accounting as a separate request.

## H. Contract Claims: Whether Plaintiff States Valid Claims

 The FAC includes causes of action for breach of contract and breach of the

covenant of good faith and fair dealing based on Defendants' alleged misapplication of Plaintiff's payments under the terms of the Load and Deed of Trust. (FAC ¶¶ 152, 163.) To prevail on a cause of action for breach of contract, a plaintiff must show the existence of a valid contract, performance or excuse for non-performance under the contract, defendant's breach, and resulting damage. *McDonald v. John P. Scripps Newspaper*, 210 Cal. App.3d 100, 104, 257 Cal.Rptr. 473 (1989).

■ Defendants argue that while Plaintiff claims in the FAC that she "performed all of her conditions on the Deed of Trust, including timely paying her mortgage to Defendants," she also admits in the FAC to having defaulted on the Loan in 2008. (*Compare* FAC ¶ 157 *with* FAC ¶ 18.) Plaintiff contends that the FAC actually alleges not that Plaintiff defaulted, but that Defendants failed to properly apply payments to Plaintiff's account. (Opp'n at 24:12–15.)

The FAC clearly states that "Plaintiff timely paid her mortgage payments until 2008 when she began experiencing an unforeseen financial hardship." (FAC ¶ 18.) Because Plaintiff failed to perform under the contract, Plaintiff's breach of contract cause of action fails as a matter of law. The Court **grants** Defendants' Motion **without prejudice** as to the breach of contract cause of action.

■ Regarding breach of the covenant of good faith and fair dealing, Defendants argue that tort recovery for this cause of action is available only in limited circumstances involving a special relationship between the contracting parties such as that between an insured and its insurer. (Motion at 18:20–23.) California courts do not invoke a special relationship between a lender and borrower. *See Kim v. Sumitomo Bank*, 17 Cal.App.4th 974, 979, 21 Cal. Rptr.2d 834 (1993) ("the relationship of a bank-commercial borrower does not consti-

tute a special relationship for the purposes of the covenant of good faith and fair dealing"). Plaintiff does not address this issue. The Court grants Defendants' Motion **without prejudice** as to Plaintiff's breach of covenant cause of action.

### I. California Civil Code Sections 2924 and 2923.5: Whether Plaintiff States a Claim

The basis of Plaintiff's claims under these sections is that Defendants allegedly gave improper notice prior to noticing default on the Loan. Plaintiff's complaint sufficiently alleges a cause of action, and the Defendants' judicially noticed and considered documents do no rebut the allegations. Defendants also argue that there is no private right of action under Section 2923.5, but the Ninth Circuit has stated that a private right of action does exist under Section 2923.5 so long as there has not yet been—as here—a foreclosure sale. Plaintiff has supplied a recent case in which motions to dismiss a claim under this section have been denied. *See Martinez v. America's Wholesale Lender*, 446 Fed.Appx. 940, 943 (9th Cir.2011) ("Although a private right of action exists under this section, the remedy 'is a simple postponement of the foreclosure sale, nothing more.' ... It follows that a claim under Section 2923.5 necessarily fails if a foreclosure sale has occurred.") (quoting *Mabry v. Superior Court*, 185 Cal.App.4th 208, 110 Cal.Rptr.3d 201, 204 (2010)).

The Court **denies** Defendants' Motion as to this cause of action.

### J. Defendants' Request for Judicial Notice

Pursuant to Federal Rule of Evidence 201(b)(2) and (d), Defendants request that the Court take judicial notice of the June 21, 2006 Grant Deed, June 26, 2006 Deed of Trust, July 19, 2011 Assignment of Deed

of Trust, and August 5, 2011 Notice of Default and Election to Sell Under Deed of Trust. (Defendants' Request for Judicial Notice in Support of Motion to Dismiss ["RJN"] at 2:8–22.) [Docket No. 14–1.] Each of these documents was recorded in the Official Records of the Los Angeles County Recorder's Office and the Court **grants** the request and takes judicial notice of these documents. The Court has considered these documents in ruling on this Motion.

## V. CONCLUSION

The Court **grants without prejudice** Defendants' Motion as to Plaintiff's negligence, FDCPA, breach of contract, and breach of covenant of good faith and fair dealing causes of action. Should Plaintiff wish to attempt to cure these defects, Plaintiff may file a Second Amended Complaint no later than April 4, 2012. The Court **grants with prejudice** Defendants' Motion as to Plaintiff's accounting cause of action. The Court **denies** the remainder of Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**