Daniel E. VARGAS, Jr., Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.; Mortgage Electronic Registration Systemes, Inc.; Citibank, N.A.; Wilmington Trust, N.A.; California Reconveyance Company; Does 1–10, Inclusive, Defendants.

Case No. 5:14–cv–00859–ODW(JCGx).

United States District Court,
C.D. California.

Signed July 15, 2014.

Patricia Renee Rodriguez, Rodriguez Law Group Inc., Alhambra, CA, for Plaintiff.

Joseph Vincent Quattrocchi, Jr., Morgan Lewis & Bockius LLP, Los Angeles, CA, Gina Lorraine Albertson, Albertson Law, Irvine, CA, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [10]

OTIS D. WRIGHT, II, District Judge.

### I. INTRODUCTION

. Plaintiff Daniel Vargas filed suit against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Citibank, N.A. ("CITI"), and Wilmington Trust, N.A. ("WTNA") for violations of the Truth in Lending Act ("TILA") and California's Unfair Competition Law ("UCL") for failing to disclose the assignment of his mortgage. MERS, CITI, and WTNA filed a motion to dismiss for failure to state a claim under TILA as Vargas's Complaint was generally insufficient and the claims arising from the 2011 assignment are time-barred.

For the reasons discussed below, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion to Dismiss.[1] (ECF No. 10.)

### II. FACTUAL BACKGROUND

On March 28, 2006, Vargas executed a non-negotiable promissory note and security interest in the form of a $1,000,000.00 Deed of Trust. (Compl. ¶¶ 14–15.)

On September 5, 2011, Defendant MERS transferred its creditor rights in

---

1. After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed.R.Civ.P. 78; L.R. 7–15.

Vargas's Deed of Trust to Defendant CITI by an Assignment of Deed of Trust ("Assignment 1"). (*Id.* ¶ 17.) Defendant California Reconveyance Company ("CRC") recorded Assignment 1 on September 23, 2011. (*Id.* ¶ 28.) Plaintiff did not receive written notice of the assignment. (*Id.* ¶ 18.) On August 5, 2013, Defendant CITI transferred its creditor interest in the Plaintiff's Deed of Trust to Defendant WTNA by a Corporate Assignment of Deed of Trust ("Assignment 2"). (*Id.* ¶¶ 19–20.) Defendant JP Morgan Chase Bank, N.A. ("CHASE") recorded Assignment 2. (*Id.* ¶ 29.) Plaintiff did not receive written notice of this assignment either. (*Id.* ¶ 21.)

On April 30, 2014, Vargas filed this action against Defendants MERS, CITI, WTNA and several others for alleged violations of TILA, 15 U.S.C. § 1641(g), and California Business and Professions Code section 17200. (ECF No. 1.) Defendants MERS, CITI, and WTNA jointly moved to dismiss for failure to state a claim. (ECF No. 10.) That Motion is now before the Court for decision.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir.2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S.Ct. 1937. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.,* 250 F.3d 668, 688 (9th Cir.2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed.R.Civ.P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000).

### IV. DISCUSSION

Defendants move to dismiss all the claims against MERS, CITI, and WTNA. Defendants argue that Vargas's TILA claims fail as the claims are time-barred and insufficiently pleaded because Vargas did not plead the facts with sufficient particularity, did not properly plead detrimental reliance on the disclosures, and did not plead the specific date of the assignments. Additionally, Defendants contend that Vargas's UCL claims fail because Vargas did not sufficiently allege an unlawful activity, did not plead damages sufficiently to have

standing under the UCL, and did not plead the facts with sufficient particularity.

The Court finds that there is no plausible legal basis for a claim against MERS or CITI under TILA. Without a sufficiently pleaded underlying claim, Vargas's claim for unlawful business practices must also be dismissed against MERS and CITI. But Vargas's claims against WTNA are sufficiently pleaded to withstand this Motion.

## A. TILA claim

Defendants move to dismiss the claims against MERS, CITI, and WTNA brought under 15 U.S.C. § 1641(g).

### 1. Statute of limitations

■ This Court has already decided the issue of equitable tolling with respect to the TILA claims arising from Assignment 1. (ECF No. 18.) A district court may dismiss a claim if the running of the statute of limitations is apparent on the complaint's face and if "the assertions of the complaint, read with the required liberty, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir.2011) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980)).

■ A plaintiff seeking equitable tolling must allege "specific facts explaining the failure to learn the basis for the claim within the statutory period." *Pedersen v. Greenpoint Mortg. Funding, Inc.*, 900 F.Supp.2d 1071, 1079 (E.D.Cal.2012). A plaintiff cannot simply rely on the same factual allegations to both show a violation of the federal statute and to toll the limitations period of that statute. *Jacob v. Aurora Loan Servs.*, No. 10–1789 SC, 2010 WL 2673128, at *3 (N.D.Cal. July 2, 2010). Generally, equitable tolling applies when there is an "excusable delay" by the plain-

tiff. *Rodriguez v. JP Morgan Chase & Co.*, 809 F.Supp.2d 1291, 1298 (S.D.Cal. 2011) (granting a motion to dismiss when the plaintiffs did not allege that they did anything to discover the claims or that something prevented them from investigating during the limitations period).

■ The Court finds that Vargas's claims arising from the 2011 assignment are time-barred. It is apparent on the face of the Complaint that the one year limitations period has run. The alleged failure to disclose Assignment 1 occurred in September 2011; however, Vargas did not file his Complaint until April 30, 2014—well outside the one-year mark. (Compl. ¶¶ 28, 31.)

Vargas argues that equitable tolling applies to save his TILA claim. He contends that he was unaware that WTNA claimed an ownership interest because he did not receive n copy of the assignment as required by TILA and was not required to check the recorder's office. (Compl. ¶¶ 33–38.)

But equitable tolling is the exception—not the general rule. To allow tolling whenever a plaintiff alleges an improper disclosure would render the TILA limitations period completely meaningless. *Jacob*, 2010 WL 2673128 at *3. Vargas must allege more than the alleged TILA violation itself; the violation and tolling are not one and the same. It is rather unclear how Vargas can characterize his conduct as reasonably diligent when he did not check the recorder's office.

The Court **GRANTS** the Defendants' Motion to Dismiss **WITH LEAVE TO AMEND** on the equitable-tolling issue only.

### 2. TILA-claim pleading sufficiency

Under TILA, an individual has a private cause for action against any creditor who

violates 15 U.S.C. § 1641(g)'s disclosure requirements. 15 U.S.C. § 1640(a). Section 1641(g) requires that any new creditor or assignee of the debt in question notify the borrower, in writing, of the transfer or assignment of the loan. 15 U.S.C. § 1641(g). Section 1641 is a limited-liability statute. Each subsection of 15 U.S.C. § 1641 applies only to "entities who are *purchasers or assignees* of mortgages." *Gale v. First Franklin Loan Servs.*, 701 F.3d 1240, 1244 (9th Cir.2012). Although trustees of a deed of trust are exempt from TILA liability, courts have generally held that this exception does not apply to all trustees and that a trustee for a mortgage-backed security may still be liable under TILA. *E.g. Dinh v. Citibank, N.A.*, No. SA CV 12–1502–DOC, 2013 WL 80150 (C.D.Cal. Jan. 7, 2013); *Vogan v. Wells Fargo Bank, N.A.*, No. 2:11–CV–02098–JAM, 2011 WL 5826016 (E.D.Cal. Nov. 17, 2011).

■ Vargas fails to state a claim for relief against MERS. Vargas alleges that MERS was responsible for both assignments of the loan; but he never alleges that MERS was a purchaser or assignee of the loan. (Compl. ¶¶ 10, 17, 20, 28–29.) As MERS is not a new creditor under § 1641(g), no legal duty to disclose is attributed to it. (*See id.* ¶¶ 28–31.)

Vargas fails to state a claim for relief against CITI. Although Vargas alleged the same factual basis against CITI as against WTNA, he predicated his claim on CITI's responsibilities as they arose from Assignment 1. (*Id.* ¶¶ 28, 30–31.) As these claims are time-barred, CITI is only liable if Vargas also alleged some responsibility under Assignment 2. He did not. (*See id.* ¶¶ 28–31.)

■ But Vargas sufficiently alleged a viable TILA claim against WTNA. Vargas alleges that WTNA was a "successor trustee to CITI" and the successor assignee of the loan interest. (*Id.* ¶ 29.) As the successor trustee, WTNA qualifies as a new creditor under TILA. *See Vogan*, 2011 WL 5826016 at *4. Furthermore, Vargas goes on to allege that WTNA "had the responsibility of notifying the borrower of the acquisition" and that WTNA failed to disclose that information as required. (Compl. ¶ 31.) Although sparse, these factual allegations are enough to put WTNA on notice of the claim against it and the acts that form the basis of that claim.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss the claims against Defendants MERS **WITHOUT LEAVE TO AMEND** and against CITI **WITH LEAVE TO AMEND** on the equitable-tolling issue only. But the Court **DENIES** the Defendant's Motion to Dismiss the claims against Defendant WTNA.

### 3. Actual-damages requirement

■ To receive actual damages for a TILA claim, the plaintiff must establish detrimental reliance on the § 1641(g) disclosure. *In re Smith*, 289 F.3d 1155, 1157 (9th Cir.2002) (dismissing the claim for actual damages when the plaintiff did not show any evidence she could have secured a better interest rate). But an allegation of actual damages must be more than merely speculative. *Che v. Aurora Loan Serv., LLC*, 847 F.Supp.2d 1205, 1209 (C.D.Cal.2012).

■ Defendants argue that the Court should dismiss Vargas's TILA claims because Vargas failed to allege detrimental reliance on the disclosure. Additionally, Defendants contend that without actual damages, the TILA claims must be dismissed. In contrast, Vargas maintains that he properly alleged actual damages and points out that he has also alleged statutory damages.

Vargas failed to allege any type of detrimental reliance on the failed disclosures of the assignments to establish actual damages. Vargas alleges that actual damages consist of "over calculation and overpayment of interest on the Loan, the cost of repairing Plaintiff's credit cost associated with removing the cloud on the property title," as well as attorney's fees. (Compl. ¶ 39.) However, Vargas fails to allege any causal link between the disclosure and the damages. In his Opposition, Vargas states that reliance is apparent because, with proper notice, "he would have had ample time to seek different avenues to protect his real property interest." (Opp'n 3.) But this inference is hardly apparent in the Complaint and does not provide notice as to how the failure to disclose the assignment threatened Vargas's property interests. Vargas's allegations are insufficient to establish that the Defendants' failures were the cause of the damages.

█ But Vargas had adequately pleaded that he is entitled to statutory damages and attorneys' fees under § 1640(a). (Compl. ¶ 38.) A plaintiff may suffer a violation of a statutory right without suffering actual damages whenever a statutory cause of action does not require proof of actual damages. *Robins v. Spokeo, Inc.,* 742 F.3d 409, 413 (9th Cir.2014). Although there is a current split among district courts regarding whether a plaintiff must plead actual damages to establish liability for a § 1641(g) violation, it is well established in the Central District of California that such a violation allows for independent recovery of both actual damages and statutory damages. *Dinh,* 2013 WL 80150; *Wise v. Wells Fargo Bank, N.A.,* 850 F.Supp.2d 1047 (C.D.Cal.2012); *Brown v. U.S. Bancorp,* No. CV 11–6125 CAS PJWX, 2012 WL 665900 (C.D.Cal. Feb. 27, 2012); *Enuke v. Am.'s Wholesale Lender,* No. CV 11–6661 PA SPX, 2011 WL

11651341 (C.D.Cal. Dec. 18, 2011). The Court finds no reason to depart from this line of cases.

While the Ninth Circuit has not directly addressed this niche issue, the court has stated that under 15 U.S.C. § 1640(a), a consumer may recover actual damages and "[a] consumer may also obtain statutory damages." *In re Ferrell,* 539 F.3d 1186, 1190 (9th Cir.2008). Moreover, the plain language of the statute clearly sets out that a creditor who violates § 1641(g) is subject to liability for the sum of actual damages, statutory damages between $400 and $4,000 for individual actions arising from credit transactions secured by real property, attorney's fees, and limited costs. 15 U.S.C. § 1460(a); *Ferrell,* 539 F.3d at 1190; *Enuke,* 2011 WL 11651341 at *6. Congress explicitly listed § 1641(g) as an applicable subsection under § 1640(a)—the section providing for actual and statutory damages.

█ Defendants' argument that actual damages are required for a § 1641(g) claim is unsuccessful. Defendants' assertion relies on a rather irregular statutory interpretation of § 1640(a). Cases that require a showing of actual damages construe § 1640(a)(2) as qualifying subsection (a)(1). *See Beall v. Quality Loan Serv. Corp.,* No. 10–CV–1900–IEG WVG, 2011 WL 1044148, at *6 (S.D.Cal. Mar. 21, 2011). But if this construction is implemented when reading the statute as a whole, subsection (a)(3)—which allows for attorney's fees—would also qualify section (a)(1). Defendants have provided no persuasive reason for the adoption of this construction instead of a plain meaning construction. *See id.* Had Congress wished for § 1640(a)(2) to qualify subsection (a)(1), the statute could easily have been structured to reflect such a dependent relationship. As it did not, a plain language reading of the statute establishes

liability for actual damages, statutory damages, and attorney's fees. *See Ferrell,* 539 F.3d at 1190; *Brown,* 2012 WL 665900 at *6.

As such, the Court **DENIES** the Defendants' Motion to Dismiss with respect to the failure to allege sufficient damages to state a viable TILA claim.

*4. Timing requirement*

■ Defendants argue that Vargas inadequately pleaded the timing of the transfers that give rise to the Defendants' disclosure duties because Vargas relied on the date of public recordation, not the date of the actual transfer. Conversely, Vargas maintains that he sufficiently pleaded all necessary facts and elements for a § 1641(g) claim.

Defendants rely on a district court case in which the court dismissed a § 1641(g) claim for failure to state a "cognizable claim." (Mot. 9.) *See Derusseau v. Bank of Am., N.A.,* No. 11 CV 1766 MMA JMA, 2012 WL 1059928, *4 (S.D.Cal. Mar. 28, 2012). In *Derusseau,* the court considered whether to dismiss the plaintiff's claim when she failed to allege the exact date of the alleged securitization that formed the basis of her claim. *Derusseau,* 2012 WL 1059928 at *4. The Court recognized that the plaintiff provided no factual basis for her allegation that the defendants attempted to securitize her loan; in fact, the plaintiff was unable to "identify a single discrete act or event that suggest[ed] anyone tried to securitize[ ] her loan." *Id.* Accordingly, the Court found that the plaintiff's allegations were too speculative to support why she was "informed and believe[d]" the securitization took place. *Id.*

The facts here are distinctly different. Vargas is not attempting to allege some complex scheme of securitization. Although Vargas was unable to allege the exact date of the recording, the dates in the Complaint are based on the public recordings of the loan assignments. (Compl. ¶¶ 28–29.) The public recordings provide a rough estimate of the time of the assignments and prove that the assignments actually took place. This provides a sufficient basis for a plausible claim that Defendants are new creditors and subject to the disclosure requirement. Unlike *Derusseau,* Vargas's allegations are far from "pure conjecture." *See* 2012 WL 1059928 at *4.

Accordingly, the Court **DENIES** the Defendants' Motion to Dismiss with respect to the failure to sufficiently plead the timing for Assignment 2.

**B. UCL claim**

Defendants move to dismiss the claims against MERS, CITI, and WTNA brought under the UCL. The Court finds that the UCL claims arising from the 2011 assignment fail, as there is no underlying unlawful act to support the claims. But Vargas did sufficiently plead the claims arising from the 2013 assignment.

*1. Unlawfulness requirement*

■ Under the UCL, unfair competition includes "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof.Code. § 17200. An "unlawful" practice includes all business practices "forbidden by law." *Herrejon v. Ocwen Loan Servicing, LLC,* 980 F.Supp.2d 1186 (E.D.Cal. Nov. 1, 2013) (quoting *Saunders v. Super. Ct.,* 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 438 (Ct.App.1994)). The UCL provides a cause for action for violations of any other law as an unlawful practice. *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal.4th 163, 180, 83 Cal. Rptr.2d 548, 973 P.2d 527 (1999). But this makes the UCL claim dependent on the underlying allegations. If unable to state

a claim for the underlying offense, the plaintiff similarly cannot state a claim under UCL for unlawful practices. *Herrejon*, 980 F.Supp.2d 1186; *see also Krantz v. BT Visual Images, LLC*, 89 Cal.App.4th 164, 178, 107 Cal.Rptr.2d 209 (Ct.App. 2001) (stating that section 17200 claims "rise or fall depending on the state of the antecedent substantive causes of action").

Vargas failed to state a valid UCL claim against MERS and CITI. Vargas alleges that the Defendants' business practices constitute a UCL violation because they are unlawful. (Compl. ¶¶ 41–42.) Since the Court has dismissed the underlying claims that make the Defendants MERS and CITI's action allegedly unlawful, Vargas cannot sufficiently plead an unlawful-prong claim against either of them.

As such, the Court **GRANTS** the Defendants' Motion to Dismiss the claims against Defendants MERS and CITI **WITH LEAVE TO AMEND** solely as enumerated in the Court's equitable-tolling discussion above.

### 2. Standing under section 17204

To sue under the UCL, an individual must suffer an "injury in fact" and have "lost money or property as a result of unfair competition." Cal. Bus. & Prof. Code § 17204. "Injury in fact" is understood as the federal term of art, a concrete and particularized invasion of a legally protected interest. *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 322, 120 Cal.Rptr.3d 741, 246 P.3d 877 (2011).

 The injury must be "actual or imminent" rather than "hypothetical." *Id.* An injury is particularized if it affects the individual in a "person and individual way." *Id.* Additionally, the level of causation necessary at the pleading stage is dependent on the alleged unlawful conduct. *Durell v. Sharp Healthcare*, 183 Cal. App.4th 1350, 1363, 108 Cal.Rptr.3d 682

(Ct.App.2010). Under the UCL's unlawful prong, a plaintiff must show actual reliance only if the unlawful conduct is based on fraud or misrepresentation. *Kwikset*, 51 Cal.4th at 325, 120 Cal.Rptr.3d 741, 246 P.3d 877.

 Defendants contend that Vargas failed to plead actual damages, as Vargas's alleged damages are not an injury of a legally protected interest.

In his Opposition, Vargas argues that he alleged injuries "in the form of lost money stemming from of [sic] ruination of credit and the illegal sale of Plaintiff's property." (Opp'n 6.) Such an allegation of damages never appears in his Complaint. But Vargas did incorporate the allegations of his previous claims, which include allegations of damages such as "over calculation and overpayment of interest on the Loan, the cost of repairing Plaintiff's credit, [and] costs associated with removing the cloud on property title." (Compl. ¶ 39.) As Vargas's underlying claim is based on § 1641(g) claim and not a fraud claim, he is not required to show actual reliance to have UCL standing. Therefore, Vargas has provided sufficient facts to establish standing under the UCL at this stage.

Accordingly, the Court **DENIES** the Defendants' Motion to Dismiss on this ground.

### 3. UCL-claim pleading sufficiency

Vargas bases his unlawful-business-practices claim against WTNA on the alleged TILA violations. Defendants are correct in their analysis that Vargas's Complaint is rife with examples of group pleading, and this Court dismissed previously contested claims by Plaintiff for the same reason. (*See* ECF No. 18.) But Plaintiff incorporated his previous allegations against WTNA that the Court found were sufficient to state a TILA claim

above. As Vargas's UCL claims are dependent upon his allegations of unlawfulness, incorporation of his previous claims save his UCL claim against WTNA. The Court accordingly **DENIES** Defendants' Motion to Dismiss the UCL claims against WTNA.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss all TILA and UCL claims against Defendants MERS and CITI **WITH LEAVE TO AMEND** on the equitable-tolling issue only. But the Court **DENIES** the Motion with respect to Defendant WTNA. (ECF No. 10.)

**IT IS SO ORDERED.**