Filed 5/27/21  Adem v. America's Wholesale Lender CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ERIC ADEM,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, et al.,<br><br>    Defendants and Respondents. | 2d Civ. No. B304896<br>(Super. Ct. No. 56-2019-00523697-CU-OR-VTA)<br>(Ventura County) |

Eric Adem brought this wrongful foreclosure action against defendants Countrywide Home Loans, Inc. (Countrywide), formerly doing business as America's Wholesale Lender; Community Loan Servicing, LLC, formerly known as Bayview Loan Servicing, LLC (Bayview); Mortgage Electronic Registration Systems, Inc. (MERS); and The Bank of New York Mellon (Bank of New York), formerly known as The Bank of New York as Trustee for the Certificate Holders of CWMBS Inc., CHL Mortgage Pass-Through Trust 2007-7 Mortgage Pass-Through

Certificates, Series 2007-07. The trial court sustained defendants' demurrers to the original complaint and first amended complaint (FAC) with leave to amend most causes of action.

Adem filed a second amended complaint (SAC), to which Bayview and Bank of New York demurred. The trial court again sustained their demurrer with leave to amend. When Adem chose not to amend, the court dismissed the action with prejudice pursuant to Code of Civil Procedure section 581, subdivision (f)(2). Adem appeals portions of the dismissal. We affirm.

PROCEDURAL AND FACTUAL BACKGROUND

In 2007, Adem obtained a $800,000 home loan from Countrywide, secured by a deed of trust on real property located at 5209 Via Jacinto in Thousand Oaks. MERS, as beneficiary, later assigned the deed of trust to the Bank of New York.

On August 3, 2018, Bayview, as the loan servicer, recorded a notice of default and election to sell under the deed of trust. No notice of trustee's sale has been recorded.

The SAC alleges causes of action for (1) violation of Civil Code section 2924.11, (2) breach of the covenant of good faith and fair dealing, (3) violation of the unfair competition law (UCL), Business and Professions Code section 17200 et seq. and (4) declaratory relief. Countrywide and MERS answered the SAC, generally denying the allegations. The trial court sustained Bayview and Bank of New York's demurrer to the SAC with leave to amend, but noted the allegations had not significantly changed from the earlier complaints.

When no amended pleading was filed, Countrywide and MERS filed an ex parte application for involuntary dismissal of the action pursuant to Code of Civil Procedure section 581,

2

subdivision (f)(2).[1]  The trial court granted the application and dismissed the action with prejudice as to all defendants.

## DISCUSSION

Adem contends the trial court erred by sustaining, with leave to amend, his causes of action for violation of Civil Code section 2924.11, breach of the covenant of good faith and fair dealing and violation of the UCL (Bus. & Prof. Code, § 17200 et seq.).  He also challenges the dismissal of his cause of action for violation of TILA, 15 United States Code section 1641(g).  The court had previously sustained the demurrers to that cause of action without leave to amend.  (See *Hudis v. Crawford* (2005) 125 Cal.App.4th 1586, 1590, fn. 4 [order sustaining a demurrer without leave to amend is appealable upon dismissal of case].)

### *Standard of Review*

Where, as here, "a demurrer is sustained *with* leave to amend but [the] plaintiff elects not to amend, it is presumed on appeal that the complaint states as strong a case as is possible." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2018) ¶ 8:136.3e, p. 8-109.)  "The judgment of dismissal must be affirmed if the unamended complaint is objectionable on any ground raised by the demurrer."  (*Ibid.*; *Holcomb v. Wells Fargo Bank, N.A.* (2007) 155 Cal.App.4th 490, 495-496; *Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 457.)  "'[W]e do not consider the possibility that any defects in [the claims] could be cured by amendment . . . .'"

---

[1] Code of Civil Procedure section 581, subdivision (f)(2) allows the court to dismiss the complaint "after a demurrer to the complaint is sustained with leave to amend, [and] the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal."

3

(*Ibarra v. California Coastal Com.* (1986) 182 Cal.App.3d 687, 692; *Holcomb*, at p. 496.)

When a demurrer is sustained without leave to amend, we "'determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense.'" (*McBride v. Smith* (2018) 18 Cal.App.5th 1160, 1172-1173.) If "there is a reasonable possibility that the defect can be cured by amendment . . . the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

*Violation of Civil Code Section 2924.11*

Civil Code section 2924.11, subdivision (a) formerly provided: "If a borrower submits a complete application for a foreclosure prevention alternative offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of sale or conduct a trustee's sale while the complete foreclosure prevention alternative application is pending."

This section was repealed effective January 1, 2019, and now states: "(a) If a foreclosure prevention alternative is approved in writing prior to the recordation of a notice of default, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default under either of the following circumstances: [¶] (1) The borrower is in compliance with the terms of a written trial or permanent loan modification, forbearance, or repayment plan. [¶] (2) A foreclosure prevention alternative has been approved in writing by all parties, including, for example, the first lien investor, junior lienholder, and mortgage insurer, as applicable, and proof

4

of funds or financing has been provided to the servicer." (Civ. Code, § 2924.11, subd. (a)(1), (2).)

The SAC alleges that Adem submitted a complete loan modification application on December 10, 2018. Although it is unclear which version of Civil Code section 2924.11 would apply in this case, we need not reach this issue because Adem is ineligible for relief under either version. The current version requires the actual approval of a foreclosure prevention alternative and there is no allegation that occurred.

As for the pre-January 1, 2019 version, Adem does not allege that a notice of sale was recorded or that a trustee's sale was conducted while his loan modification application was pending. To the contrary, the SAC acknowledges that "no Notice of Trustee sale has been recorded in this matter."[2] In addition, Adem cites no authority suggesting that his allegation that "Bayview informed him that they were moving forward with a trustee sale despite his pending loan modification" is sufficient to invoke the statute's protections in the absence of either a recorded notice of sale or an actual trustee's sale.

*Breach of the Implied Covenant of Good*
*Faith and Fair Dealing*

The covenant of good faith and fair dealing, which is implied in every contract, "not only imposes upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose." (*Harm v. Frasher* (1960) 181 Cal. App. 2d 405, 417.) "It is universally recognized the scope of conduct prohibited by the covenant of

_____

[2] At oral argument, respondents' counsel confirmed that no notice of sale has been recorded to date.

good faith is circumscribed by the purposes and express terms of the contract." (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 373.) The covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." (*Guz v. Bechtel National Inc.* (2000) 24 Cal.4th 317, 349-50.)

The SAC fails to allege conduct by defendants that violated the terms of the parties' agreement or prohibited the performance of the contract. As one court explained, "[t]he purpose of the note and deed of trust is that [the borrower] shall have the use of the funds loaned on the terms and at the interest rate specified in the note, and that [the lender] shall have the security provided by the deed of trust." (*Milstein v. Security Pac. Nat. Bank* (1972) 27 Cal.App.3d 482, 487.)

The SAC does not allege that Adem failed to receive the benefits of the loan proceeds or that the lender was not entitled to the security interest authorized by the deed of trust. These obligations were contemplated by the loan agreement and, as Bayview and the Bank of New York point out, no foreclosure instruments have been recorded since Adem submitted his loan modification application in December 2018. Given these facts, the demurrer to this claim was properly sustained.

*UCL Violation*

The UCL "does not proscribe specific activities, but in relevant part broadly prohibits 'any unlawful, unfair or fraudulent business act or practice.' [Citation.]" (*Aleksick v. 7-Eleven, Inc.* (2012) 205 Cal.App.4th 1176, 1184 (*Aleksick*).) It identifies three varieties of unfair competition -- acts or practices which are unlawful, or unfair or fraudulent. (*Ibid.*) ""By proscribing 'any unlawful' business practice, 'section 17200

6

"borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable.'" [Citation.] 'Virtually any law -- federal, state or local -- can serve as a predicate for a [UCL] action.' [Citation.] When a statutory claim fails, a derivative UCL claim also fails." (*Id.* at p. 1185.)

The UCL claim is based upon the allegations in the causes of action for violation of Civil Code section 2924.11 and breach of the covenant of good faith and fair dealing. The SAC also "asserts the unsupported conclusion that defendants . . . violated numerous other statutes."

As we have explained, Adem's claims for violation of Civil Code section 2924.11 and breach of the covenant of good faith and fair dealing fail as a matter of law. Consequently, the derivative UCL cause of action arising from those claims also fails. (*Aleksick*, *supra*, 205 Cal.App.4th at p. 1185; *Plan Check Downtown III, LLC v. AmGuard Ins. Co.* (C.D.Cal. 2020) 485 F.Supp.3d 1225, 1233 [Because plaintiff "fails to state a claim for a breach of contract or the covenant of good faith and fair dealing . . . [i]ts derivative claim for unfair business practices therefore also fails"].)

Even if Adem did allege an actionable UCL violation, he has not established standing to pursue that claim. To demonstrate standing, a private plaintiff must allege a financial or property loss as a result of the unlawful acts. (Bus. & Prof. Code, § 17204.) In other words, the plaintiff must show a "causal connection" between the economic injury and the defendant's allegedly unfair or unlawful conduct. (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 522, disapproved on another ground in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939 & fn. 13.) "A plaintiff fails to satisfy

7

[this requirement] if he or she would have suffered 'the same harm whether or not a defendant complied with the law.' [Citation.]" (*Ibid.*)

Adem contends he was willfully induced to change his financial position and, as a result, suffered the loss of his credit, equity in his home and the potential loss of monies spent on home improvement. But these bare allegations of economic loss are not sufficiently precise to meet the standing requirement. (*Saldate v. Wilshire Credit Corp.* (E.D.Cal. 2010) 686 F.Supp.2d 1051, 1066; *Hosseini v. Wells Fargo Bank, N.A.* (N.D.Cal. Aug. 9, 2013, No. 13-cv-02066) 2013 US Dist. Lexis 113583, *8 [plaintiff lacked standing under the UCL where no foreclosure sale had taken place and plaintiff only included conclusory allegations of economic injury].)

### *TILA Violation*

A TILA claim for damages under 15 United States Code section 1641(g) is subject to a one-year statute of limitations. (*Id.,* § 1640(e).) The period begins to run "at the time the loan documents were signed." (*Meyer v. Ameriquest Mortgage Co.* (9th Cir. 2003) 342 F.3d 899, 902.)

TILA states that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." (15 U.S.C. § 1641(g)(1).) The FAC alleged that Bank of New York violated this section by failing to disclose in writing the 2015 assignment of the deed of trust from Countrywide.

Adem acknowledges that more than one year had passed since his loan documents were signed but contends the limitations period was tolled because the Bank of New York did not provide the requisite written notice of the assignment. (See

15 U.S.C. § 1641(g)(1).)  TILA claims may be subject to equitable tolling, but only "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." (*Cervantes v. Countrywide Home Loans, Inc.* (9th Cir. 2011) 656 F.3d 1034, 1045.)  Adem contends he could not have discovered the transfer because he did not receive notice of the assignment as required by law and was not required to check the recorder's office for such notice.

Courts have held, however, that a defendant's failure to make the necessary TILA disclosures is not a sufficient basis for equitable tolling.  Equitable tolling is the "exception – not the general rule," and "[t]o allow tolling whenever a plaintiff alleges an improper disclosure would render the TILA limitations period completely meaningless." (*Vargas v. JP Morgan Chase Bank, N.A.* (C.D.Cal. 2014) 30 F.Supp.3d 945, 949; *Garcia v. Wachovia Mortgage Corp.* (C.D.Cal. 2009) 676 F.Supp.2d 895, 906 ["[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations"].)  As *Vargas* observed, "[i]t is rather unclear how [the plaintiff] can characterize his conduct as reasonably diligent when he did not check the recorder's office." (*Vargas*, at p. 949; see *Dela Cruz v. HSBC Bank USA, N.A.,* (D.Nev. Feb. 6, 2013, No. 2:12-cv-01283-MMD-PAL, 2013 US Dist. Lexis 15985, *13 ["[T]here is no basis to equitably toll the statute of limitations, as Plaintiffs request, since the recording of the Assignment provided Plaintiffs with constructive notice of the Assignment"].)

We agree with the trial court that the TILA cause of action is barred by the one-year statute of limitations (15 U.S.C.

§ 1640(e)) and that allowing further leave to amend would have been futile.[3]

## DISPOSITION

The judgment is affirmed in its entirety.  Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

---

[3] Countrywide and MERS contend that Adem has waived or forfeited any claims of error in the judgment of dismissal which they sought and obtained pursuant to Code of Civil Procedure section 581, subdivision (f)(2).  Although Countrywide and MERS answered the SAC, they maintain they are entitled to the benefit of that judgment.  Adem's briefs do not raise or respond to this issue and we therefore deem it waived.  (*Swain v. LaserAway Medical Group, Inc.* (2020) 57 Cal.App.5th 59, 72-73; *Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1282.)

Mark S. Borrell, Judge
Superior Court County of Ventura

_____

Rodriguez Law Group, Patricia Rodriguez and Eric Rasmussen, for Plaintiff and Appellant.

McGuireWoods, Tanya L. Greene and E. Christine Hehr, for Defendants and Respondents Countrywide and MERS.

Akerman, Preston K. Ascherin, Parisa Jassim and Joseph Yoon, for Defendants and Respondents Community Loan Servicing, LLC, FKA Bayview Loan Servicing, LLC, and The Bank of New York Mellon, FKA The Bank of New York as Trustee for the Certificate Holders of CWMBS Inc., CHL Mortgage Pass-Through Trust 2007-7 Mortgage Pass-Through Certificates, Series 2007-07.